HENRY HAINES ET AL. *v.* CALEB HAINES ET AL.

[54 South. 433.]

1. SUPREME COURT. *Reversal. Proceeding below.*

When a judgment or decree appealed from is by the supreme court reversed and remanded to the trial court, such court has full power to allow any amendment to be made to the pleadings, which it had power to allow before the judgment or decree appealed from was rendered.

2. SAME.

The remanding of a case to the trial court is for the purpose of having it tried *de novo,* and such a court has the same power to allow amendments to the pleadings, when a case is remanded with directions to enter a judgment or decree in accordance with the opinion of the supreme court, that it has when a cause is remanded without any such direction.

3. SAME.

> If on the trial in the court below the pleadings and proof present the same case that was before the supreme court on appeal, the judgment or decree of the court should be in accordance with the directions given by the supreme court, but should the pleadings and proof then present a different case, the judgment or decree should be made to conform thereto.

4. RES JUDICATA.

> The judgment of the supreme court is only *res judicata* of the case as presented to the court when its judgment was rendered but does not cover new matter contained in an amended bill, the same not having been before the court when the judgment was rendered.

5. SUPREME COURT. *Appellate jurisdiction.*

> Where the lower court has full power to try a case *de novo* and to allow proper amendments in the proceedings the supreme court will not entertain a motion requiring the lower court so to do, as such a motion is unnecessary.

6. APPEAL TO SETTLE PRINCIPLES OF CASE.

> Where a cause is before the supreme court on appeal granted by the chancellor to settle the principles of a case, the court will not decide other questions not presented by the record.

APPEAL from the chancery court of Coahoma county. HON. M. E. DENTON, Chancellor.

Suit by Caleb Haines et al. against Henry Haines et al. From an adverse decree defendants appeal.

The facts are stated in the opinion of the court.

*Frank Johnston,* for appellant.

There are only two questions contained in the record in this cause on the present appeal, viz.:

1st. The amended bill setting up the new and independent title to the land in controversy should not have been allowed to be filed in the cause, and the plea to it should have been sustained.

2nd. The amended bill seeking to open the case for further testimony on the original bill should not have

been allowed to be filed. (There is no cross appeal in this second question.)

The first proposition presents the question, whether the application of the complainant for leave to file an amended bill setting up a new and independent claim of title to the land in controversy is not *res adjudicata* by the decision rendered and the decree made by this court on the former appeal.

The second proposition presents the entirely separate and independent question of the right of the complainant, at this stage of the case, to have the case opened for further proof for the complainants. The court allowed it to be filed; this was error, but it was stricken out on defendant's motion by order of the court from which there is no appeal.

One other proposition for the appellant will be stated at this point, and that is, aside from the question of *res adjudicata,* the complainants, under the settled principles and rules of equity procedure, have no right to file the amended bill setting up a new and independent title having no reference to or connection with the case made by the original bill in this cause.

The following authorities are cited: *State* v. *Woodruff et al.,* 81 Miss. 456; *McDonald* v. *Green,* 9 S. & M. 138; *Miazza* v. *Yerger,* 53 Mass. 135; *Clark* v. *Hall,* 31 Miss. 520; 1 Am. and Eng Ency. Pl. and Pr., 583; *Moody* v. *Farr,* 27 Miss. 788; *Vanderberg* v. *Campbell,* 64 Miss. 87; *Hare* v. *Sproul,* 2 How. 772; 16 Am. and Eng. Ency. Law, p. 575; *Gleddon* v. *Dunlap,* 28 Mo. 379; *Bradish* v. *State,* 35 W. 482; *Waller* v. *Graves,* 20 Conn. 310; *Parker* v. *Hardy,* 24 Pick. (Mass.) 246; *Aholtz* v. *Durfee,* 25 Ill. App. 43; *Kruger* v. *Merrill,* 66 Wis. 28; *Brunson* v. *Faircloth,* 82 Ga. 185; *Powell* v. *Jones,* 42 Bark. (N. Y.) 24; *Myers* v. *Riley,* 36 Hun (N. Y.) 20; *Gardner* v. *Mitchell,* 6 Id. 116; *Reed* v. *Grew,* 5 Ohio 386; *Hines* v. *Driver,* 100 Ind. 319; *Barrow* v. *State,* 80 Ga. 191; *Shaw* v. *State,* 27 Texas 750 16 Am. and Eng. Ency. Law 565, 566; First

Edition; *Berry* v. *Metzler,* 7 Cal. 418; *Gavigan* v. *State,* 55 Miss. 533; *Wynne* v. *Newman,* 75 Va. 817.

*Brewer & Watkins* and *Cutrer,* for appellee.

The first two assignments of error of appellants are predicated on the action of the court in allowing the amended or' supplemental bill of the complainants to be filed and in not striking said bill from the files on the defendants' motion. These two assignments can easily be considered under one general head. This being true, this brief will consequently be divided into two main divisions, the first of which will take up the proposition of the power of the court below to allow the amended bill to be filed, and secondly, does the plea of appellants to said amended bill set up such matters and facts as *res judicata* in bar of all relief of the court on said amended bill.

Under this general head we will treat two questions: (A) The power of the court to allow the amendment after decree of the supreme court directing a decree to be entered in accordance with the opinion of the said supreme court, and (B) the amendment from the standpoint of equity pleading.

(A.) We contend that the amendment was properly allowed. Two learned chancellors passed upon it. Upon what authority did they base their action? We say on the following: *Wailes* v. *Cooper,* 25 Miss. 421; *Hansard* v. *Gray,* 46 Miss. 75; *Taylor* v. *Wright,* 54 Miss. 722; *Canning Company* v. *Olt,* 88 Miss. 771; *Adams* v. *Saunders,* 46 S. Rep. (Miss.) 960; *Cunningham* v. *Ashley,* 16 Ark. 181, 63 Am. Dec. 62; 2 Cyc. 493, 494, 498.

The above cases, most of them decisions of our own supreme court, unmistakably maintain this proposition:

The decision of a case by the supreme court with direction to enter a decree in accordance with its opinion does not, where the case is remanded, take away the power of the court below to allow amendments in the plead-

ing, or to make such other orders in the case as the equity and rights of the case may demand, and the rules of practice in the chancery court allow, and the only effect of the supreme court is to require the court below, upon the state of the pleadings and proof remaining the same, as it was when decided in the high courts, to render the decree directed by the mandate.

(B.)  Counsel for appellants contend that the court's action in allowing the amended bill to be filed was erroneous in that the amended bill is the assertion of a new and independent title wholly inconsistent with the claim of title set up and relied upon in the original bill.  They cite the two Mississippi cases, *Miazza* v. *Yerger,* 53 Miss. 135, and *Clark* v. *Hull,* 31 Miss. 520.  In the former case Mrs. Miazza had filed a bill to enforce a trust in certain real estate alleged to have arisen out of a certain specific contract.  A demurrer was filed to the bill and sustained, then an amended bill was offered by which the complainant had framed a bill for equitable relief in regard to dower.  In the latter case Clarke had sued Murphy for the recovery of certain slaves.  Murphy afterwards died and the suit was revived against John T. Hull as administrator.

The suit proceeded to final judgment, and then an amendment was offered, by which it was sought to transform the suit from a proceeding in which it was sought to render the estate of Murphy, in the hands of Hull as his representative, liable for the complainant's demand into the suit, by which Hull would be charged in his personal capacity.  The instant case is not of the character of the two Mississippi cases cited above, but is rather a bill by appellees against appellants asking the whole of the property, and if not given the whole that they be given one-half of it.  In addition to the many authorities cited in paragraph ''A'' of this brief, showing the numerous cases in which this court and other courts have allowed amendments to be filed, we wish to

call the court's attention to our statute which allows all amendments in pleadings and proceedings upon liberal terms to prevent delay and injuries. Section 593, Code of 1906.

We maintain, and we think with much consistency and in a line with the adjudications of this court, that this amendment does not in any sense change the cause of action, for we earnestly contend that the relief sought by the amended bill could have been granted upon the prayer for general relief in the original bill. We say this because it is the uniform rule of this court that under a prayer for general relief all relief may be granted not inconsistent with the scope of the bill, although the specific relief granted by the court is not prayed for. An examination of the following authorities fully substantiate this proposition, and here surely under a prayer for general relief asking for all the property the complainants in the court below (appellees here) were entitled under the proof to a decree of their mother's half interest in the property: *Barksdale* v. *Swan*, 69 Miss. 907; *Wise* v. *Hyatt*, 68 Miss. 714; *Burnet* v. *Boyd*, 60 Miss. 627; *Byrne* v. *Taylor*, 46 Miss. 95; *Garrett* v. *Nichlos*, 56 Miss. 622; *Hardis* v. *Bulger*, 86 Miss. 577; *Bell* v. *Clark*, 71 Miss. 603; *Dodge* v. *Evans*, 43 Miss. 570; *Moore* v. *Wilkerson*, 47 Miss. 633; *Hartman* v. *Moore*, 79 Miss. 625; *Hart* v. *Patter*, 80 Miss. 791; *Moore* v. *Crump*, 84 Miss. 612; *Chicago* v. *Bank*, 134 U. S. 276, 38, 33 L. Ed. 900.

We understand the rule of equity pleading to be that an amended bill must not be repugnant to the original, nor may it present an entirely new and essentially different case entirely changing the purpose of the suit, but we only ask for one-half of the whole originally prayed for.

We also call the court's attention to one or two other cases in which amendments have been allowed: *Carey* v. *Fulmer*, 74 Miss. 729; *Hart* v. *Potter*, 80 Miss. 796;

*Tishomingo Institution* v. *Allen,* 76 Miss. 114; *Field* v. *Banking Company,* 77 Miss. 180.

The appellants insist that the matters and facts set up in their plea to the amended bill herein are *res adjudicata* having been passed upon by this court, and, consequently, the appellees cannot be heard on their amended bill. It is true that a motion was made in the supreme court to modify the decree so as to allow appellees to set up their claim to an undivided one-half interest in and to the property in controversy, and that the motion was not sustained by the court. This was done under the above authorities holding that amendments are not to be made in the supreme court, as that is not the proper place to allow amendments. *Wailes* v. *Cooper,* 25 Miss. 421; *Weir* v. *Jones,* 84 Miss. 810, and *Perkins* v. *Watson,* 92 Miss. 452. In which latter case the court very properly said that the motion to amend should be remanded and was referred to the court below for proper disposition. We understand, too, that before the plea of *res adjudicata* can be maintained that there must be a decree on the merits. *Baird* v. *Bardwell,* 60 Miss. 164. Such a decree has never been rendered in this case, and while that is true this court as well as the lower court has power to render any such judgment or decree, it may determine that justice requires, regardless of any former opinion delivered by this court in the case, see *Maxwell* v. *Harkelroads,* 77 Miss. 456.

The case of *Creegar* v. *Hyman,* reported in 46 So. Rep. 952, is cited by counsel for the appellants as authority for their view, but we take it that the true import and meaning of this decision fully supports and is a direct authority for the contention made by us to the effect that the plea does not set up sufficient matters and facts as to bar these appellees on their amended bill. In that case it was held by the Chief Justice of this court that "before the plea of *res adjudicata* can prevail four things must be shown: 1st, identity in the thing sued for;

2d, identity in the cause of action; 3d, identity of person and parties to the action and 4th, identity of the quality in the person for or against whom the claim is made.'' We respectfully submit that these four identities have not been shown to exist, and that, consequently, it follows as night follows the day that the plea does not contain enough of substance to form a bar to the amended bill. We think the following cases of this court will bear out this contention, that the matters and facts set up in the plea to the amended bill have not been formerly adjudicated by this court:

*Perkins* v. *Watson,* 46 So. Rep. (Miss.) 80, reported also in 92 Miss. 452; *Weir* v. *Jones,* 84 Miss. 610; *Etna Insurance Co.* v. *Renno,* vol. 50, No. 20, So. Rep., page 563; *Brothers* v. *Beck,* 75 Miss. 482; *Young* v. *Wark,* 76 Miss. 829; *Mortgage Company* v. *Bunkley,* 88 Miss. 641; *Canning Company* v. *Ott,* 88 Miss. 771.

Argued orally by *Frank Johnston,* for appellant, and *J. W. Cutrer,* for appellee.

SMITH, J., delivered the opinion of the court:

Appellees filed their bill in the court below, asserting title to the property in controversy as heirs of one Caleb Haines, deceased, their father, alleging that their mother, Lucy Haines was the lawful wife of said Caleb Haines, deceased. Appellants, who are also children of Caleb Haines by Eliza Haines, in their answer, denied that Lucy was the lawful wife of Caleb, and claimed that Eliza was his lawful wife. The court below by its decree having sustained the contention of appellees, an appeal was taken to this court, whereupon this decree was reversed, and the cause remanded for decree in accordance with the opinion of this court. This opinion will be found reported in 90 Miss. 100, 43 South. 465.

Upon the return of the cause to the court below, appellees, by leave of court first had and obtained, filed an

amended bill, by which they alleged that Caleb Haines and Lucy Haines, their mother, were tenants in common of part of the land in controversy, each owning an undivided half interest therein, and that they, the appellees, were therefore the owners of the half interest of which Lucy died seized and possessed. The result of this amendment is that appellees now claim a part of the land as heirs of their father, Caleb, and a part as heirs of their mother, Lucy. To the amended bill appellants filed a plea *res judicata,* alleging, in addition to the foregoing facts, "that the complainants made a formal application to the supreme court, after its said decision of the facts and merits of the case, to have the cause remanded to the chancery court, with instructions to the chancellor to allow them to introduce evidence of the title now set up in their amended bill, which motion or application was denied by the said supreme court; the court holding that the said title was not set up or pleaded in the complainant's bill. And the defendants further aver and state that thereupon the complainants made a formal motion and application to the supreme court to make an order remanding said cause to the chancery court, with directions to the chancellor to allow them to file an amended bill, or supplemental bill, in said suit, setting up and pleading the claim of title set up in this amended bill, and for leave to introduce evidence touching said claim of title, which motion and application of the complainants was denied by the supreme court. Therefore the defendants submit to the court that the merits of the case have been adjudicated by said supreme court, on the final hearing on the appeal to said court, in favor of the defendants; and they further submit and plead that the precise question as to the claim of the complainants to file an amended bill setting up the title now claimed by them, and their claim to introduce evidence in support of said claim of title has been adjudicated against them.

These matters are *res judicata,* and the judgment and rulings of the supreme court are binding on this court."

This plea was by the court adjudged to be insufficient in law, and appellants were granted leave to answer the amended bill within ninety days. From this decree an appeal was granted to this court, to settle the principles of the cause.

When a judgment or decree appealed from is by this court reversed and remanded to the trial court, such court has full power to allow any amendment to be made to the pleadings which it had power to allow before the judgment or decree appealed from was rendered. The remanding of a case to the trial court is for the purpose of having it tried *de novo,* and such a court has the same power to allow amendments to the pleadings when a cause is remanded with direction to enter a judgment or decree in accordance with the opinion of this court that it has when a cause is remanded without any such direction. If on the trial in the court below the pleadings and proof present the same case that was before this court on the appeal, the judgment or decree of the court should be in accordance with the directions given it by this court; but, should the pleadings and proof then present a different case, the judgment or decree should be made to conform thereto. *Wailes* v. *Cooper,* 25 Miss. 421; *Hanserd* v. *Gray,* 46 Miss. 75; *Taylor* v. *Wright,* 54 Miss. 722; *Canning Co.* v. *Ott,* 88 Miss. 771, 41 South. 378.

The former judgment of this court is *res judicata* of the case then presented; but the new matter contained in the amended bill, not being before the court, was not embraced in the judgment then rendered. *Canning Company* v. *Ott,* 88 Miss. 771, 41 South. 378.

Since the chancellor had full power to try the cause *de novo* and to allow any proper amendments to be made to the pleadings, the two motions made by appellees, requesting that he be directed so to do, were unnecessary and out of place in this court, and were, of course, over-

ruled. This court merely declined to act, leaving both of these matters to be acted upon by the chancellor in accordance with the law governing same. This court is one of appellate jurisdiction only, and motions of the character now under consideration should be made in the court of original jurisdiction.

Appellants also complain that, conceding the chancellor's power to permit amendments to be made, the amendment in question was not a proper one, and should therefore not have been permitted. This question is not presented by this record, as the appeal to settle the principles of the cause, granted by the chancellor, is only from the decree adjudging appellants' plea to be insufficient.

The judgment of the court below is affirmed, and the cause remanded, with leave to appellants to answer within thirty days after mandate filed in the court below.

*Affirmed and remanded.*