MRS. F. J. BOSTICK *v.* MRS. A. V. HAYS ET AL.

[59 South. 877.]

APPEAL AND ERROR. *Law of the case. Mandate.*

If the pleadings and proof upon the hearing of a case, after it is remanded by the supreme court, do not present a different case from that which has been passed on by 'that court, the decree should be in accordance with the directions of the mandate.

APPEAL from the chancery court of Forrest county. HON. T. A. WOOD, Chancellor.

Suit by Mrs. A. V. Hays et al. against Mrs. F. J. Bostick. From a decree for plaintiff, defendant appeals. The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

What is the defense of the defendants? *Res judicata.* They plead the decision of the court reversing the case as *res judicata.* Only a final judgment or decree can be so pleaded, and this case was reversed for a new trial. They say the court directed the decree to be rendered and that is equivalent to a final decree. That is not true as a legal proposition in the first place; and in the second place the court qualified its directions by saying if the record on a new trial stood as it then stood and quite a different record is now presented, a much stronger one in favor of Mrs. Bostick. We do not understand that the right of Mrs. Bostick to amend her pleadings were cut off, nor do we understand that her right to strengthen her case by new testimony was to be denied her, otherwise the court may as well have finally decided the case which it did not do. However, we confess the lower court decided this case against us on the ground of *res judicata* and so announced but it does not appear in the decree.

But we humbly submit that the former decision of this court was erroneous and ought to be reversed if it could be said to be *res judicata.* We hesitated long before appealing this case and considered the principles of law involved as closely as we are able to do and weighed the testimony by them and we were driven—conscience driven—to appeal and give the court an opportunity to consider the case on a fuller and more perfect record. We have been and are still utterly unable to reconcile ourselves to the correctness of the original decision and the theory upon which it rests.

We are aware that all litigation should have timely ending but we deem principle, right and justice of far more importance and we know this court will agree with

us on this point. It is perhaps our fault that the case was not as fully presented at the other trial, but we pray the court to bear in mind that we are dealing with fraud —subtle scheming fraud—and that it often requires from two to half dozen trials to fully develop it, and we lay no claims to having fully developed this fraud as yet, but we do insist that a very clear case of fraud is disclosed and proved by this record and the defendants participation in it as clearly proved.

*Stevens, Stevens & Cook,* for appellee.

In reference to the first four general assignments we submit, first, that no new cause whatever was made on the second amended answer and cross-bill as filed and presented by appellant February 1, 1911; that this last pleading upon which appellant elected to stand as cross-complainant presented no new issue of fact or of law; that consequently there was no new issue upon which further depositions could be taken, and that the decree of the supreme court reversing this case was and is a final termination of the rights of the parties hereto and was and is *res judicata* upon the law and the facts attempted to be rehearsed and re-presented to the court by the amended pleadings and subsequent testimony shown by the supplemental record. We do not suppose counsel for appellant will challenge the proposition that unless a new case is presented by the amendments then the decree of this court stands as *res judicata.* The cases of *Nutt, Administrator,* v. *Knutt,* 84 Miss. 465, and *Haines* v. *Haines,* 98 Miss. 830, with authorities cited, are conclusive on this.

While the last amended answer and cross-bill employs, in a large measure, a different language from that employed in the original cross-bill which was before this court in the former appeal, and while it is perhaps a much longer document, yet there is absolutely no new issue of fact presented. We are confident that if the

court will compare the documents this court will be unable to point out a new issue.

REED, J., delivered the opinion of the court.

The same parties, engaged in the same litigation, have been before this court on a former appeal in the case of *A. V. Hays et al.* v. *Mrs. F. J. Bostick,* 96 Miss. 794, 51 South. 462. In the opinion of the court, delivered by MAYES, J., the general facts in the case are stated, and reference is now made to that opinion. The court held that the appellants in that appeal, Messrs. Hays, Field, and Moore, did not participate in the fraud practiced upon Mrs. Bostick by Priester, her covendee. The decree of the chancellor, appealed from, whereby he relieved Mrs. Bostick, the appellee, from responsibility, granting a partial rescission of the sale, was reversed. In remanding the case, this court decided that the property, being certain lots in the city of Hattiesburg, should be decreed to be sold to satisfy the vendor's lien, directing that the one-third interest owned by Priester should be first sold, and the proceeds applied on the indebtedness evidenced by his note in favor of Messrs. Hays, Field, and Moore, the vendors, and, if there should be more than enough to satisfy his note, that the remainder of the proceeds from the sale of his interest should be credited on the notes of Mrs. Bostick, and that her two-thirds interest should be sold to pay any balance remaining owing on her notes, and that, if there was not sufficient realized from the sale of the property to pay the indebtedness owing by Mrs. Bostick, the vendors should have a decree over for such balance.

The Chancellor permitted Mrs. Bostick, the appellant in the present appeal, to file an amended answer and cross-bill; in fact, she was permitted to file a second amended answer and cross-bill. The appellees in this appeal answered the cross-bill. From the record it is shown that the chancellor was liberal in allowing Mrs.

Bostick to file amendments to the pleadings and to intro-
duce testimony. She had every opportunity to bring in
new and additional proof to sustain her contentions.
The chancellor entered a decree, following the directions.
of this court relative to the sale of the property. It
appears from his decision that he considered the case
upon the state of pleadings and proof introduced to be
the same as that passed upon in the former appeal. A
review of the record convinces us that he was correct in
this. If the pleadings and proof upon the hearing of
a case, after it is remanded by this court, do not present
a different case from that which has been passed on by
this court, the decree should be in accordance with the
decision of this court, and conform to the directions of
the mandate. *Wailes* v. *Johnson,* 25 Miss. 421; *Canning
Co.* v. *Ott,* 88 Miss. 771, 41 South. 378; *Haines* v. *Haines,*
98 Miss. 830, 54 South. 433.

*Affirmed.*