### GREENFELD et al. v. SUPERVISORS' DIST. NO. 3 OF PERRY COUNTY, MISS. et al.

### No. 14450.

United States Court of Appeals Fifth Circuit.

June 30, 1953.

Rehearing Denied Aug. 3, 1953.

Thomas H. Watkins, H. V. Watkins, William H. Watkins, P. H. Eager, Jr., Jackson, Miss., for appellants. Watkins & Eager, Watkins, Edwards & Ludlam, Jackson, Miss., of counsel.

M. M. Roberts, Earle L. Wingo, Hattiesburg, Miss., C. C. Smith, Richton, Miss., for appellees.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

Rives, Circuit Judge, dissented.

HOLMES, Circuit Judge.

This appeal is from a final judgment that cancelled a contract dated April 22, 1948, between appellants and appellees, who will be referred to as lessee and lessor, respectively. There is no serious dispute about the validity of the contract under the law of Mississippi. The question is one of its interpretation. This court will not undertake to make a contract for the parties.

---

The lessee agreed to equip the building at its own expense with machinery for the operation therein of a shirt or garment manufacturing plant or establishment which implied that it would be used for that purpose. It also agreed to surrender the premises at the termination of the lease in as good condition as when received by it; except for damage or destruction by fire or other casualty, and "except for ordinary and reasonable wear and tear" (as a shirt or garment manufacturing plant being necessarily implied.)

The lessee further agreed that, during the first twelve months of its possession, its payroll for the factory to be operated therein would be not less than 50% of the cost of the building to the lessor; and, for each year thereafter during the primary term of the lease, the lessee guaranteed that its minimum payroll for people employed in said factory would be not less than 100% of said cost, which annual guarantee was to continue until the total amount of the lessee's payroll payments equalled fifteen times said cost of the building. The aforesaid guarantee was subject to the limitation, among others, that the entire liability of the lessee for failure to meet the minimum guaranteed payroll was limited to 10% of the deficiency.

 We think that the lessor is not entitled to a cancellation of the lease, but is entitled to an injunction restraining the lessee from using the leased premises as a warehouse in conjunction with its factory at Union, Mississippi, or for any purpose other than a shirt or garment factory operated upon the leased premises and uses necessarily incidental to the factory so operated.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

RIVES, Circuit Judge (dissenting).

The express purpose of the 1944 Act here involved,[1] under which the present lease contract was entered into, and with reference to which the parties presumably contracted, was to promote gainful employment and resultant economic benefits for citizens residing within a county of the state that would issue bonds for the construction of industrial facilities which would attract and accommodate outside industry. Under the facts and circumstances of this case, I agree with the District Court that the practical cessation of appellants' shirt manufacturing operations on and after April 1, 1950, did not effectuate either that legislative purpose or the clear intent of the parties, and that the breach of the implied obligation to so operate the premises justified forfeiture and cancellation of the lease.[2]

Certainly the Mississippi legislature, in passing the 1944 Act, never intended to authorize issuance of bonds pledging public property if the funds derived therefrom would be used, not to attract industry and promote employment, but to construct industrial sites either to remain vacant or be used only for storage purposes. Indeed, the County could not lawfully have entered into any private contract pursuant to the B.A.W.I. law, except to effectuate the legislative purpose of promoting employment in industry. Albritton v. City of Winona, 181 Miss. 75, 178 So. 799, 808, 115 A.L.R. 1436.

1. Generally referred to as the B.A.W.I., "Balance Agriculture with Industry" law, Chapter 241 of the General Laws of Mississippi for 1944. Section 6(c) of that Act provides, that the state public welfare demands, and the state public policy requires that the health, safety, morals, pursuit of happiness, right to gainful employment and the general welfare of the citizens demands the development within Mississippi of manufacturing enterprises.

2. The District Court found that,
"* * * the contract was breached and that the Defendants have not and do not intend to operate the premises as a garment manufacturing plant or as a shirt manufacturing plant, and that their intention to abandon it as such began in April or May of 1950 and has continued to the present date, and that such abandonment of the contract and its expressed principles constitutes a breach that entitles the Plaintiffs to a rescission and cancellation of the contract."

Appellants insist that no language in the Albritton decision, supra, authorizes the Court to read into such a lease contract an implied obligation to operate a shirt or garment factory continuously, particularly where, as here, the terms of the lease agreed upon did not include any provision as to the extent of operations required, but merely provided for penalties and rental benefits in the event production is diminished or ceases. However, as the Mississippi Supreme Court indicated in the Albritton case, supra, any lease of the building other than for the promotion of employment in industry would have been void, and, as the District Judge held, an implied obligation to operate the premises as a shirt or garment manufacturing plant was not only required by the clear purpose of the act and the intention of the parties, but must necessarily exist if the lease contract is to be held valid. It is too fundamental to require citation of authority that contracts will be interpreted and construed in such manner as to render them lawful and effective, rather than invalid. Moreover, appellants' insistence, that compliance with the minimum guaranteed payroll provision relieved them of their liability to operate the premises as a shirt or garment manufacturing plant, is obviously without merit. The clause relied upon, as the District Court noted, did not relieve appellants from their primary obligation to operate the business under the contract, but simply provided for liquidated damages if, during the operation of the premises as required, the payroll did not reach the amount agreed upon, in which event payment of the deficiency would relinquish the default.

In addition to the evidence establishing appellants' breach of the lease contract, there is a further reason why I do not think a reversal and remand are here indicated.

That is the inherent difficulty and impracticability of enforcing the terms of the Court's decree. The problem of obviating forfeiture of the lease through constant Court supervision of appellants' business was recognized by the District Court.[3] See also, 49 Am.Jur., Specific Performance, Sec. 70, p. 85, and authorities there cited. Though it might be argued that the decree directed by this Court is warranted as embodying the negative remedy of injunction to restrain further breach of the contract, see 28 Am.Jur., Injunctions, Sec. 78, pp. 272–273, it appears to me that appellants might comply by simply not using the premises for any purpose but allowing them to remain vacant and paying the agreed rental and penalties. The legal option, since breach of the contract, was with appellees as to whether they desired to rescind or to pursue some other remedy, 17 C.J.S., Contracts, § 429, page 912. Having exercised their option in favor of rescission, I think they are entitled to recover possession of the premises for lease to other parties who will comply with both the spirit and letter of the B.A.W.I. law.

I would affirm the judgment of the District Court, and therefore respectfully dissent.

On Petition for Rehearing

PER CURIAM.

Since neither of the judges who concurred in the decision of the court in this case is of the opinion that the petition should be granted, it is ordered that the petition for rehearing be, and the same hereby is, denied.

RIVES, Circuit Judge, dissents.

3. "The Court finds as a fact that specific performance of the contract would not be feasible, and would require of and impose upon the Court an unreasonable and undue burden to supervise specific performance, and that there are other remedies more applicable and feasible and reasonable than specific performance."