NICHOLS, et al. *v.* GADDIS & McLAURIN, INC.

No. 40121        May 7, 1956        87 So. 2d 673

June 11, 1956          87 So. 2d 678

*Craig Castle, Carl E. Guernsey,* Jackson, for appellants.

*James H. Adams*, Raymond; *Vardaman S. Dunn*, Jackson, for appellee.

McGEHEE, C. J.

This is an interlocutory appeal from an order of June 21, 1955, allowing the appellee, Gaddis & McLaurin, Inc., to further amend its bill of complaint in this cause, and from an order of the same date allowing the said appellee to amend its answer to the cross bill of the appellants, subsequent to the reversal and remand of this cause on November 15, 1954, as reported in 222 Miss. 207, 75 So. 2d 625. Motions of the appellants to strike the motions to amend were overruled. It is stated in the brief of counsel for the appellants that this interlocutory appeal was granted to settle the controlling principles of law involved, but the two orders allowing the amendments to the bill of complaint and to the answer of the appellee to the cross bill, as proposed in Exhibit "A" to the motions to amend, granted the interlocutory appeal "upon the filing of the statutory bond therefor", but these orders providing for such appeal do not specify on what ground the same is allowed. Moreover, the appellants undertake to demonstrate in their brief that every legal point in the case, after the allowance of the amendments, was settled by the court on the former appeal. There is no motion before us to dismiss the appeal on that ground, and we do not dismiss the same of our own motion for the reasons hereinafter stated, and we are passing on

the issue of whether or not the amendments were properly allowed.

In 1928 J. N. Nichols and wife executed a note and a deed of trust on the 100 acres of land in controversy to Mrs. Sallie Y. Herring, in which she alone had authority to appoint a substitute trustee. This note and deed of trust were later acquired by Gaddis & McLaurin, a partnership, which was thereafter incorporated. Gaddis & McLaurin attempted to appoint a substitute trustee and we held on the former appeal that such substitution was invalid. The land was foreclosed by the substitute trustee on March 7, 1932, and Gaddis & McLaurin became the purchaser of the land. The appellant, James W. Nichols, a son of the mortgagor J. N. Nichols, deceased, rented and cultivated the land thereafter for a period of 19 years as the tenant of the purchaser at the foreclosure sale. In his lease rental agreement this land was referred to as the land formerly owned by J. N. Nichols. The original lease rental agreement was for a period of ten years with an option to purchase the land for $2,000.00 and apply the agreed rent thereon.

We refer to the remainder of the factual situation set forth in the original opinion in 222 Miss. 207, 75 So. 2d 625, supra, merely for the purpose of a better understanding of the opinion in the instant case, and to save repetition of the enumeration of the heirs at law of J. N. Nichols, the mortgagor, the dates of the deaths of some of them and as to when the appellant James W. Nichols obtained quitclaim deeds from some of such heirs.

██ █ In the former opinion, supra, we expressly overruled the case of Peeples v. Boykin, 132 Miss. 359, 96 So. 177, and in which opinion the court stated: "Appellee urges that the recording of the trustee's foreclosure deed to Gaddis and McLaurin in 1932 is sufficient within itself as a legal ouster and disseisin of the co-tenants, and that the recording of the deed alone is constructive notice to them of appellee's adverse posses-

sion, and is sufficient to start the running of the ten-year adverse possession statute.''

There was no dispute on the former appeal that the appellee continuously cultivated the land through its tenant James W. Nichols, from the time it was leased to him until the time of the commencement of this suit more than 20 years thereafter. The former opinion expressly states that ''appellee's contention is based primarily upon the authority of Peeples v. Boykin, 132 Miss. 359, 96 So. 177.''

On the former trial the burden of proof was on the appellee, who at first filed a bill for an injunction to prevent James W. Nichols from interfering with the ingress and egress of the appellee to and from the land and which was later amended as a bill of complaint against the heirs of J. N. Nichols, deceased, to quiet the title asserted by the appellee to the land, to prove the recordation of the deed of trust and trustee's deed, purporting to convey the full title, followed by at least 10 years possession of the land under such color of title. The complainant met that burden of proof on the former trial prior to the first appeal to this Court under the rule of law announced by Peeples v. Boykin, supra, decided on May 21, 1923. It is true that that decision had been criticised in subsequent opinions, but the fact remains that it had weathered the storm for more than 31 years and until the time it was overruled by this court of its motion.

It was not incumbent on the complainant in order to make out its case to prove anything more than recordation of color of title followed by 10 years of continuous possession, claiming the land as sole owner. But when we overruled Peeples v. Boykin, we then turned to a consideration of the case as to whether or not the appellants on that appeal had had actual notice of the appellee's possession for more than 10 years. The issue in the trial court was primarily whether or not Peeples

v. Boykin when applied to the recordation of color of title followed by 10 years possession had ripened a title in the appellee. It is true that the appellee, as complainant in the trial court, undertook to prove actual notice to the appellants, and was unable to do so except as to a few of the several appellants. In our opinion the effect of overruling Peeples v. Boykin was that recordation under color of title, which had proposed to convey the entire interest, followed by 10 years continuous possession, was insufficient alone to establish title in the appellee as to the claims of a number of the heirs. The case was reversed and remanded "for further proceedings in the chancery court in accordance with this opinion". The judgment of the court was entered accordingly. The mandate followed the judgment.

In the absence of Peeples v. Boykin the complainant would have been required to prove actual notice to the defendants, and we think that since the appellee tried the case primarily in reliance upon the established law of this state for nearly 32 years, it is entitled on remand to fully develop whatever all the facts may show as to whether or not the defendants had actual notice, or the equivalent thereof.

In the case of Middleton v. Davis, 105 Miss. 152, 62 So. 164, it was stated, among other things, that: "The remanding of a case to the trial court is for the purpose of having it tried de novo, and such a court has the same power to allow amendments to the pleadings, when a cause is remanded with directions to enter a judgment or decree in accordance with the opinion of this Court, that it has when a cause is remanded without any such direction. If on the trial in the court below the pleadings and proof present the same case that was before this court on the appeal, the judgment or decree of the court should be in accordance with the directions given it by this court; but, should the pleadings and proof then present a different case, the judgment or

decree should be made to conform thereto' — citing Wailes v. Cooper, 25 Miss. 421; Hanserd v. Gray, 54 Miss. 75; Taylor v. Wright, 54 Miss. 722; Canning Co. v. Ott, 88 Miss. 771, 41 So. 378.* * * It is contended that no new facts were stated in the pleadings, and that they were all contained in the original pleadings. * * * But we do know that they are in the new pleadings in a very different order and for a different purpose. Some of the facts may appear, incidentally, in an answer or exhibit in the original pleadings; but now they are arranged and pleaded affirmatively for relief by appellant. This court in its former opinion put a construction on the contract different from that contended by either of the parties. There is now a new phase of the case. * * * It is our belief that new defenses and contentions were presented to the court by appellant's amended answer and cross-bill, and new and distinct issues offered."

In Griffith's Mississippi Chancery Practice, Section 700, the author of this valuable work, commented with approval on the Middleton case.

To avoid further prolonging this opinion, we do not review the language or subject matter of the proposed amendments. We deem it sufficient to say that the result of the allowance of the amendments will be to permit the appellee to develop such facts as it may have to meet a burden which has been greatly enlarged by the overruling of Peeples v. Boykin. The amendments will permit the appellee an opportunity to meet a burden of showing actual notice, or the equivalent thereof, to the several defendants—a burden which he was not required to bear under the settled rule established by Peeples v. Boykin nearly 32 years ago. We pretermit any discussion at this time as to whether the former opinion is res judicata as to anything the amendments propose to show. We can better determine after a trial on the amended pleadings, and a decree thereon, whether or not

the pleadings and proof present the same case that was before this Court on the former appeal.

There is some alleged confusion as to whether or not the four votes of the Judges who were unwilling to reverse the case unless the overruling of Peeples v. Boykin was to be prospective only, when added to the vote of another Judge who had voted to affirm the case on its original submission, had the effect of an affirmance. This other Judge was not in favor of making the overruling of Peeples v. Boykin prospective only and for that reason could not vote to sustain the suggestion of error on the particular ground on which the votes of the other four was based. Nevertheless, there were only four votes to sustain the suggestion of error, and the same was overruled. The writer of this opinion, speaking for himself alone, frankly concedes that he is influenced to some extent, but not altogether, on the instant appeal by the unusual situation presented in this case.

Many pages could be written in justification of the right of the appellee to fully develop its case under the changed jurisprudence brought about by the overruling of Peeples v. Boykin, and to meet the enlarged burden of proof placed on the appellee by the overruling of that case as compared with the burden of proof that the appellee was required to meet on the former trial on the question of actual notice to the appellants as to the possession and claim of right so long continued following the foreclosure sale, and during all of which period of time none of the appellants were showing any interest or making any claim in the land, but we deem it sufficient to say that in our opinion the allowance by the trial court of the amendments complained of on this appeal was amply justified, under the principles hereinbefore announced, and as a matter of equity and good conscience.

The action of the chancery court in allowing the amendments should, therefore, be affirmed.

Affirmed.

*Roberds, Hall, Lee, Holmes* and *Gillespie, JJ.*, concur.

ETHRIDGE, J., dissenting.

On November 15, 1954, this Court reversed the decree of the chancery court in favor of appellee Gaddis and McLaurin, Inc., as to certain of the tenants-in-common, and adjudicated that such stated persons owned record titles to undivided interests in the property, and that Gaddis and McLaurin, Inc. had not acquired title to such interests by adverse possession, which was the sole basis of that corporation's claim of title. Nichols v. Gaddis and McLaurin, Inc., 222 Miss. 207, 75 So. 2d 625. The opinion outlined in detail the rights of the respective appellants and of the appellee, and in the last paragraph stated that in view of the numerous fractional interests of the parties the cause was reversed and remanded for proceedings in accordance with the Court's opinion. A suggestion of error was overruled on March 16, 1955. 222 Miss. 240, 78 So. 2d 471. A motion to correct judgment was overruled on April 4, 1955. The final judgment of this Court reversed the case and remanded it "for further proceedings in the chancery court in accordance with a written opinion of this Court in this cause this day rendered." In other words the judgment and the Court's opinion adjudicated the rights of the parties, and ordered a limited remand of the case in order that the trial court might work out the fractional interests of the parties.

If a case is reversed and remanded generally without final or specific directions, the chancery court has power to permit amendments to the pleadings precedent to a new trial on the merits. Griffith, Miss. Chancery Practice (1950), Sections 696, 697. But the remand in this case was for a limited purpose, for the trial court to determine mathematically the fractional interests of the parties, the title to which had been adjudicated by this

Court to be in appellants as to certain undivided interests and in appellee as to certain other interests. It is well-settled that on a limited remand the trial court cannot reopen a case for amendments inconsistent with the purposes of the remand. 3 Am. Jur., Appeal and Error, Section 1241, p. 739, summarizes the rule: "It is a general rule that after a decision has been affirmed on appeal and remanded to the lower court for such proceedings as may be necessary or proper to carry the decree into effect, the lower court cannot reopen the case for the purpose of amending the pleadings. After affirmance of the trial court's order for judgment, amendments to the pleading which involve a new trial should not be allowed . . ."

This principle is based upon sound reasons for public policy in the administration of justice in the courts. 3 Am. Jur., Appeal and Error, Sections 1226, 1234-1237. If lower courts were authorized to disobey the Court's mandate, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over the trial court with which it is invested. An alleged injured litigant may not have, de novo, trial after trial, ad infinitum. A case must be finally decided at some time.

Griffith, Miss. Chancery Practice, Section 699, states: "The rule is, then, that if the matter of amendment or other proposed steps is such that it must depend for necessary support upon the former matter which has been adversely ruled upon by the supreme court—if it essentially adheres therein so that it cannot progress except in some way in derogation of the principles adjudged by the supreme court as controlling in the case— such a proposed amendment or such other proposed step cannot be allowed." The matters of amendment sought by appellee in the instant case, and allowed by the chancery court, simply attempt to raise the same issues already precedently adjudicated by this Court on the first

appeal and decided adversely to appellee. Hence in my opinion the controlling opinion is in error in affirming the chancery court's order permitting appellee to amend the bill of complaint. The case was fully and finally decided by this Court on the merits on the first appeal. To permit further amendments on the same issues and further litigation on those issues is to unwarrantedly delay enforcement of the judgments of this Court, and to deny appellants the right to an expeditious enforcement of this Court's final judgment. The law of the case has been settled on the first appeal. Griffith, ibid., Section 698.

The applicable rules in my opinion are stated in 5 C. J. S., Appeal and Error, Section 1936, p. 1455, and Section 1969, p. 1526: ''. . . leave to amend will ordinarily be refused where the ends of justice do not require it. Accordingly, leave to amend has been refused where the party asking it failed or neglected to take advantage of an opportunity to amend or obtain leave to amend in the lower court; where the amendment desired would have the effect of making an entirely different case; . . . or where appellee had full opportunity on the trial to introduce evidence on the point covered by the requested amendment.'' . . . ''After determination on appeal and remand to the lower court, a party will not be allowed so to plead as to open up matters already adjudicated by the appellate court, nor will he be allowed, without showing a sufficient reason therefor, even under statute, to plead matters which existed and were known by him at the time of the first trial and might then have been pleaded by him.''

On the first trial appellee had full opportunity to introduce evidence on the points covered by the requested amendments, and in fact did introduce considerable evidence on these points. These matters were adjudicated after that trial, but the present judgment permitting the amendments on remand allows appellee to reopen mat-

ters already adjudicated by this Court, without showing any sufficient reason which would support that action. I do not think that the fact that this Court overruled Peeples v. Boykin, 132 Miss. 359, 96 So. 177 (1923) is such a circumstance as would warrant a retrial. The application or not of that case on the first appeal was not the controlling element in the Court's decision. The opinion discussed in detail the requirements set forth in the cases subsequent to Peeples v. Boykin, that for an ouster of cotenants there must be actual knowledge or the equivalent thereof on their part. 222 Miss. 222. So with deference it seems to me that the effect of the decision here is to ignore the fact that there was a reversal and a remand of the case for specific, limited purposes, and to fail to apply the well-settled principles discussed above which would deny amendments on this remand to retry matters already adjudicated in a final judgment of this Court.

Middleton v. Davis, 105 Miss. 152, 62 So. 164 (1913), cited in the controlling opinion, follows the leading case in Mississippi on amendments subsequent to a general remand, Haines v. Haines, 98 Miss. 830, 54 So. 433 (1910). See also Hanserd v. Gray, 46 Miss. 75 (1871); Peoples Bank in Liquidation v. Pennington, 137 Miss. 653, 102 So. 386 (1925). These cases were all decided upon principles related to the rule where a cause has been reversed and remanded without directions, or with general directions. Cochran v. Latimer, 111 Miss. 192, 71 So. 316 (1916), is more closely related to the instant case. On the first appeal, the Court decided that there was no fraud, undue influence or mental incapacity. On reversal and remand, the chancery court permitted complainants to amend their bill again to make more detailed averments as to undue influence. The chancery court found in its second decree that there had been undue influence such as to invalidate the will. On the second appeal, that decree was reversed and judgment rendered.

It was held that the trial court did not follow the law of the case, that on the former appeal the Court had adjudicated that there was no undue influence, and that the amended bill presented the same question. Judge Griffith, in his text at Sections 698-699, discusses in lucid detail these principles which I think are pertinent to the present appeal. The proposed amendments must depend for necessary support upon the former matter which has been adversely ruled upon by this Court. That being true, the proposed amendments should not be allowed. So I respectfully dissent from the decision allowing them.

*Kyle* and *Arrington, JJ.,* join in this dissent.

## ON SUGGESTION OF ERROR AND MOTION TO CORRECT JUDGMENT

HALL, J.

We have carefully considered the suggestion of error filed by the appellants and we are of the opinion that the same should be overruled.

On the motion to correct judgment appellants call our attention to the fact that the judgment entered in this cause is merely an affirmance of the decree of the lower court and does not provide for a remand of the case to the lower court. We think the judgment should be corrected so as to provide that the cause is remanded to the lower court for further consideration in view of the controlling opinion heretofore entered on May 7, 1956.

Appellants further contend in their motion that they should be permitted to amend their pleadings and introduce new issues into the trial. In the original opinion we discussed the question of the power of the lower court to allow amendments to the pleadings but we did not limit that power to merely an amendment by the original complainant. ██ █ The same power is vested in the lower court to allow amendments to the pleadings of the

defendants as it is to allow amendments to the pleadings of the complainant.

The motion to correct the judgment is therefore sustained so as to remand the case to the lower court for further proceedings.

Suggestion of error overruled and motion to correct judgment sustained.

*McGehee, C. J.,* and *Roberds, Lee* and *Gillespie, JJ.,* concur; *Kyle, Arrington* and *Ethridge, JJ.,* dissent; *Holmes, J.,* took no part.