POOLE *v.* McCARTY, et al.

No. 40244 November 5, 1956 90 So. 2d 190

*Hannah, Simrall & Aultman,* Hattiesburg, for appellant.

*McFarland* and *McFarland,* Bay Springs, for appellees.

McGEHEE, C. J.

This case is here on demurrer to a bill of complaint wherein the appellant Leroy A. Poole was the complainant and the appellee Emette E. McCarty and others were named as defendants. The demurrer was sustained, but the bill of complaint was not dismissed. The decree sustaining the demurrer allowed an appeal to this Court "to settle the principles of law involved."

The bill of complaint alleged that on December 7, 1954, the appellee Emmette E. McCarty was the owner of the surface of something more than two hundred acres of land located in Smith County, Mississippi, which is particularly described in the bill of complaint.

It was further alleged that on the date aforesaid Emette E. McCarty had the right under the laws of the United States of America (Sections 1033 to 1039 inclusive, Title 7 U. S. C. A.) to purchase from the Federal Farm Mortgage Corporation all of the interest in the oil, gas and minerals in and under said land then owned by the said Federal Farm Mortgage Corporation; that Emette E. McCarty entered into a written contract with the complainant Leroy A. Poole whereby it was agreed that Poole should purchase for and on behalf of McCarty the mineral interest owned by the said Federal Farm Mortgage Corporation, and pay to it the purchase price thereof, which was to be thereafter fixed by the said

corporation, and that McCarty was to then convey to Poole 90% of the said mineral interest; that Poole performed his duties as required of him under said written contract; and that this resulted in the Federal Farm Mortgage Corporation making an offer during the month of May 1955 to the said McCarty to sell to him its mineral interest for the sum of $240,000.

The bill of complaint further alleges that as soon as the complainant Poole learned of the fact that such an offer had been made to McCarty by the Federal Farm Mortgage Corporation he, the said Poole, offered to pay the said sum of $240,000 for and on behalf of the said McCarty, but that the latter refused to carry out his part of the contract and refused to permit the complainant to pay the said sum of $240,000 to the Federal Farm Mortgage Corporation, but paid the same himself and then declined to execute the necessary conveyance to the complainant Poole for the 90% of the said mineral interest.

The bill of complaint also alleges that the complainant "is ready, able and willing to pay the said sum of $240,000 to McCarty which the latter had paid to the Federal Farm Mortgage Corporation for the said mineral interest.

A copy of the written contract entered into between Poole and McCarty on December 7, 1954, is made an exhibit to the bill of complaint. It recites the ownership of the land by McCarty, and that one-half of the oil, gas and mineral interest has theretofore been reserved by the Federal Land Bank or the Federal Farm Mortgage Corporation of New Orleans and that McCarty is desirous of employing Poole to recover said interest for him; that the party of the second part, Poole, "will pay at his option, the amount necessary to purchase said undivided oil, gas and mineral interest for the first party on the lands above described an will handle all negotiations in the name and for the benefit of the said party of the first

part; and that the party of the first part agrees to give and grant unto the second party an undivided 90% interest in the oil, gas and minerals that may be thus acquired." Finally the contract provided that: "It being understood and agreed that this option shall continue for a period of 90 days from and after this date, including any optional time which the First parties may have to repurchase said mineral interests from the present owner, and it being further understood that neither party shall be bound to exercise said option unless the price to be paid for the re-purchase of such oil, gas and mineral interest shall be agreeable to the Second Party, but in the event the Second Party does elect to purchase such interests, then this option shall be in full force and binding on the First Parties to execute such instrument or instruments as may be necessary to convey to the Second Party such mineral interests as set forth above. This contract in no way affects any mineral or royalty interest presently owned by First Party."

It is argued that the last above quoted provision of the contract, when taken in connection with the remaining provisions thereof hereinbefore mentioned, means that the complainant Poole had an option which was to continue for a period of ninety days from and after a price might be fixed by the Federal Farm Mortgage Corporation for the sale of the said mineral interest owned by it. Hence the complainant alleged that he was entitled to a specific performance of the said contract as actually written so as to require McCarty and his vendees, who are alleged to have known of the rights of the complainant in the premises, to convey to the complainant a 90% interest in the oil, gas and mineral interest purchased by McCarty from the said Federal Farm Mortgage Corporation on its offer of May 1955 to him, upon the payment by Poole to McCarty of the $240,000 which had been paid by the latter to the said corporation for its interest in said minerals.

However, it is to be noted that the contract does not provide that the option shall continue for a period of ninety days from and after the Federal Farm Mortgage Corporation fixed a price at which it was willing to sell said mineral interest, but provides that "This option shall continue for a period of ninety days from and after this date, including any optional time which the first party may have to repurchase said mineral interest from the present owner, * * *

We are asked to order a specific performance of the contract which was thus made an exhibit to the bill of complaint. We are of the opinion that the contract as written expired ninety days after date or in March 1955 by its terms as set forth in the contract as written; that we are not authorized to substitute for the parties the words "for a period of ninety days from and after a price is fixed on the minerals by the Federal Farm Mortgage Corporation" in lieu of the words "for a period of ninety days from and after this date, including any optinal time which the first party may have to repurchase said mineral interest from the present owner, * * *" It is not alleged that when the said corporation fixed the price of $240,000 for the said mineral interest in May 1955 that it gave to McCarty any optional time thereafter within which he could purchase the said minerals, and even if such allegation had been made it is provided in effect that the "period of ninety days from and after this date" should include, and not exclude, any optional time that the said corporation may have given to McCarty to purchase the said mineral interest after the price therefor had been fixed.

In the case of Bradley v. Howell, 161 Miss. 346, 134 So. 843, this Court on Suggestion of Error said: "* * * The province of courts in respect to contracts extends not a single step farther than the enforcement thereof as made by the parties, and courts must be careful that they go no farther. If the court should fail in enforcement, it

would be only failure or ommission; but, if upon any procedure or pretext the court should go farther and make a contract between parties which they themselves never made or agreed upon and thereupon enforce the same as made by the court, this would be oppression."

To the same effect are the cases of Goff v. Jacobs, 164 Miss. 817, 145 So. 728; Hartford Fire Insurance Company v. Williams, 149 Miss. 123, 115 So. 199; American Bankers Insurance Company v. White, 171 Miss. 677, 158 So. 346; Greenfield v. Supervisors Dist. No. 3 of Perry County, Mississippi, 205 F. 2d 323; Hines Motor Company v. Hederman, 201 Miss. 859, 30 So. 2d 70; World Fire & Marine Insurance Company v. King, 188 Miss. 237, 191 So. 665; and 12 Am. Jur., Section 228, p. 749.

 Time is of the very essence of an option and we are therefore of the opinion that the complainant was not entitled to the specific performance of the contract as written, the option therein provided for having expired long prior to May 1955, and we do not think that any error was committed by the trial court in sustaining the demurrer.

Affirmed and remanded.

*Hall, Kyle, Holmes* and *Gillespie,* JJ., concur.