POOLE *v.* McCARTY, et al.

No. 40831          June 9, 1958          103 So. 2d 922

*Simrall, Aultman & Pope,* Hattiesburg, for appellant.

*McFarland & McFarland,* Bay Springs, for appellees.

ETHRIDGE, J.

This case involves the extent of the right of the complainant to amend his bill of complaint, after this Court has previously held the original bill to be insufficient and remanded the case to the trial court, generally and without specific directions.

In August 1955 appellant Poole filed a bill in the Chancery Court of Smith County against appellee McCarty and others, seeking to obtain specific performance of a contract between him and McCarty, dated December 7, 1954. When the contract was made, McCarty owned the surface and some minerals in certain lands in Smith County, and had the right to purchase from the Federal Farm Mortgage Corporation its one-half mineral interest. 7 U.S.C.A., Secs. 1033-1039. By the contract McCarty employed Poole to purchase and recover for him

the mineral interest owned by that corporation, at the option of Poole. Poole was to pay the amount necessary to purchase the minerals for McCarty. McCarty agreed to convey to Poole 90 percent of the minerals so purchased. It was "understood and agreed that this option shall continue for a period of 90 days from and after this date, including any optional time which the First Parties (McCarty) may have to re-purchase said mineral interest from the present owner, . . . ."

The original bill of complaint was based upon that contract. It alleged that Poole immediately filed application in McCarty's name for the purchase of the minerals, and prosecuted the application with diligence, as a result of which the Federal Farm Mortgage Corporation in May 1955 offered to convey to McCarty its one-half mineral interest for $240,000. Complainant averred that when he heard of this offer he exercised his option in the contract and offered to pay that sum, but McCarty refused to carry out the contract and to convey to him 90 percent of the minerals, but on the contrary, McCarty purchased such minerals in his own name and for his sole benefit. The bill alleged that complainant was ready, able and willing to pay the sum of $240,000 for the minerals, and sought to obtain specific performance of the contract.

To this bill McCarty and other defendants, except Gulf Refining Company, which holds a lease on the land from the Federal Farm Mortgage Corporation, filed a general demurrer, averring among other things that the option and contract rights of Poole expired by the terms of the contract of December 7, 1954, 90 days from its date. The chancery court sustained this general demurrer and allowed an interlocutory appeal to settle the principles of the case. On November 5, 1956, this Court affirmed the chancellor's decree sustaining the demurrer to the bill, and remanded the case. Poole v. McCarty, 90 So. 2d 190. It was held that "the contract as written expired 90 days after date . . . by its terms as set forth in the contract

as written; that we are not authorized to substitute for the parties'' a provision for a period of 90 days after a price is fixed on the minerals by the Federal Farm Mortgage Corporation. The opinion pointed out the contract stated that the 90 days included ''any optional time which the First Parties may have to repurchase said mineral interest from the present owner''; that the bill did not allege that the corporation gave McCarthy any such optional time, and, even if it had, the contract nevertheless provided that the 90 days would begin running from the date of the contract including any such optional time.

In February 1957, complainant Poole filed an amended bill of complaint containing the same allegations made in the original bill, and adding to it new paragraphs numbers 9-13. The new amendments charged that, under the construction of the contract by this Court, it was ''unperformable'' by either party, because within 90 days Poole could not pay the amount necessary to purchase, since the Federal Farm Mortgage Corporation had not within that time fixed the purchase price. The new amendments averred that before the contract was made the parties had mutually agreed on a performable agreement; and the agreement which in fact the parties made was that, when the Corporation fixed the price for the minerals, Poole would pay at his option the amount necessary to purchase them, ''and the said date when the Federal Farm Mortgage Corporation fixes said price will be designated 'this date' in the agreement and contract.'' The bill averred that McCarty was given optional, added time by the Corporation in which to make payment for the mineral rights and ''took and used such added optional time''; that it sent the notice and form for agreement of purchase to McCarty, who kept it to himself and did not notify Poole of its receipt. Hence for such mutual mistake the bill prayed that the contract should be reformed, and a decree rendered against all of the defendants requiring them to convey to complainant 90 percent

of the minerals received from the Corporation for the sum of $240,000, in their proportionate interests.

The defendants filed a plea in bar and a general demurrer, both based upon a plea of res judicata in the earlier judgment of this Court. The chancery court sustained the plea and the general demurrer, and finally dismissed the bill. The trial court was in error in doing this.

■■ The original bill of complaint, which was considered in the opinion of this Court in 90 So. 2d 190, was based solely upon the contract as written. It did not charge any mutual mistake in the drafting of that agreement, and did not seek to have the contract reformed to comply with the true intentions of the parties and to reflect the true agreement of the parties. A final decree of this Court, when the case is remanded to the trial court, must be there taken as final both in fact and in law insofar as the factual and legal issues were raised in the original appeal. Griffith's Mississippi Chancery Practice (2nd ed. 1950), Section 695. ■■ The 1956 judgment of the Court remanded the cause without directions, and the trial court of course was bound by the decree upon the state of the pleadings which were then before us on appeal, but the 1956 judgment did not take away the power which belongs to the chancellor of allowing amendments in the pleadings. Such court had full power to allow any amendment to be made to the pleadings which it had power to allow before the decree appealed from was rendered, provided the amendment does not run counter to the law of the case. Griffith, Ibid., Section 697. ■■ The amendments here were properly made and treated in that manner by the trial court and the parties.

The amendments to appellant's bill did not seek to present the same matter which was before the Supreme Court on the original appeal, or to contravene the principles announced by this Court in that case. The amended bill charged that there was a mutual mistake of the par-

ties in drafting the terms of the contract, and asked that the contract be reformed to reflect the true intention of both parties to it. ██ ██ Of course the chancery court has jurisdiction of a suit to reform a contract for mutual mistake of the parties.

Section 700 of Judge Griffith's book summarizes the pertinent rules:

"These three difficulties being out of the way, the party may be premitted to amend or take the necessary step proposed so as to bring the exact merits of the case before the court, and in such newly presented case the courts are bound by the former decision only so far as the case remains the same as it was when first before the appellate court. Thus, upon a remand to the trial court the defendant may be permitted to amend his answer so as to charge fraud or mistake although not any part of the original answer; or when on appeal the supreme court has construed a written contract, the cause being remanded an amended bill is allowable to reform the contract, the appellate decision in such case being neither res adjudicata of the amendment nor any bar to it. . . ."

These principles have been consistently followed by this Court in dealing with what constitutes the law of the case upon a general remand of a cause to the trial court. Particularly in point is Barataria Canning Company v. Ott, 88 Miss. 771, 41 So. 378 (1906), on first appeal in 84 Miss. 737, 37 So. 121 (1904). The first decision by this Court construed the terms of a deed, adjudged the rights of the parties under its terms as written, and remanded the case. On remand cross-complainants amended their cross-bill to seek a reformation of the deed for mutual mistake. On the second appeal it was held that the original Supreme Court decision was not res judicata so as to bar an amendment of the pleadings, bringing into the case for the first time an effort to reform the deed and to make it effectuate the real intention of the parties. Barataria Canning Company was

followed in Scottish-American Mortgage Co. v. Bunckley, 88 Miss. 641, 653, 41 So. 502 (1906) ; Haines v. Haines, 98 Miss. 830, 54 So. 433 (1910) ; Bostick v. Hays, 102 Miss. 698, 59 So. 877 (1912) ; Middleton v. Davis, 105 Miss. 152, 62 So. 164 (1913) ; and Nichols v. Gaddis & McLaurin, Inc., 87 So. 2d 673 (Miss. 1956). *Barataria, Haines, Middleton,* and the other cases cited above were discussed in some detail in the majority and dissenting opinions in the *Nichols* case.

For these reasons the learned chancery court erred in sustaining the plea in bar and demurrer to the amended bill of complaint. Nor is there any merit in the other points raised in the demurrer. Hence the cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ., concur.*