# CASES ARGUED AND DECIDED

— IN THE —

# SUPREME COURT OF MISSISSIPPI,

— AT THE —

## OCTOBER TERM, 1900.

---

CLINTON ATKINSON ET AL. *v.* DEWITT C. FELDER ET AL.

1. CHANCERY COURT. *Jurisdiction. Complete relief. Legal rights.*

    Where the chancery court has taken jurisdiction of a suit because of an equitable feature charged in the bill, it should, although such feature be not maintainable under the evidence, adjudicate the legal rights of the parties.

2. SAME. *Void mortgage. Joint note. Husband and wife.*

    In a suit to foreclose à mortgage on the land of the wife, executed by husband and wife to secure their joint note, if the chancery court adjudges the debt invalid as to the wife, and the mortgage void because of her insanity, it should, nevertheless, exercise its jurisdiction to render a personal decree against the husband for the debt due from him to the complainant.

3. SAME. *Code* 1892, § 592. *Constitution* 1890, *sec.* 147.

    In maintenance of above propositions, code 1892, § 592, authorizing personal decrees for balance after sale of mortgaged property, and constitution of 1890, sec. 147, prohibiting reversals by supreme court for certain errors of jurisdiction, are cited by the court.

FROM the chancery court of Amite county.
HON. CLAUDE PINTARD, Chancellor.

( 83 )

Atkinson and another, appellants, were the complainants, and Felder and wife, appellees, defendants in the court below. The object of the suit was to foreclose a mortgage on the land of Mrs. Felder, given to secure the joint note of the appellees. It was shown by way of defense that at the time of the execution of the note and mortgage Mrs. Felder was insane. This defense prevailed in the court below and the bill was dismissed. The complainants appealed, contending in the supreme court, first, that Mrs. Felder's insanity was not sufficiently established by the evidence to warrant the decree dismissing the bill, and, second, that at all events, complainants were entitled to a personal decree against the husband for the debt confessedly due by him.

*Mc Willie & Thompson*, for appellants.

Even if we be mistaken on the questions touching Mrs. Felder's sanity, by what sort of logic or reason did the chancellor conclude that the defendant, DeWitt C. Felder, who executed the notes, was not liable on them? Why should not Atkinson have been given a personal decree against the maker of the notes whose sanity was never questioned and who made no defense to the debt?

The chancery court acquired jurisdiction of the cause, and, having jurisdiction for one purpose, it should have retained it for all purposes. Its final decree ought to have worked out complete and perfect justice between the parties. The court below should not have dismissed the suit, especially after the statute of limitation became a bar to an action at law on one of the notes. But without reference to this latter idea, the court had jurisdiction and should have rendered a personal decree against DeWitt C. Felder, and it erred in not doing so.

*Theodore McKnight*, for appellees.

TERRAL, J., delivered the opinion of the court.

This case was submitted to the decision of the chancery court

at the December term, 1897, and it was taken under advisement by the chancellor. At the May term, 1898, of said court the chancellor rendered his decision, but at that term the appellants asked that the case be remanded to the docket for the taking of other evidence. The court overruled the motion to remand, and we think properly so ruled. *Wood* v. *Mann*, 2 Sum., 316. We are, however, of the opinion that the complainant should have had a decree for the recovery of his debt against DeWitt C. Felder. It is a principle relating to the concurrent jurisdiction of courts, that when there is a distinct equitable feature belonging to the case, and the chancery court has taken jurisdiction of the case in consequence of such equitable feature or incident, that it will adjudicate all the rights of the parties touching the subject-matter of litigation.

The right to recover the money on the notes sued on is a purely legal right, but the foreclosure of the mortgage, which is an incident to the recovery on the notes, is strictly an equitable right, which a court of law does not regard, and the mortgagee having properly brought his suit in equity for the recovery of the debt and the foreclosure of the mortgage, because the procedure at law is inadequate to that end, is entitled to complete relief in that court. And the fact that the equitable feature of the suit is not available, because of some defense arising thereto, does not preclude the court from giving a recovery for the money claimed, though that, as it turns out, is based upon a purely legal right. The court having lawfully taken jurisdiction, is entitled to proceed and adjust whatever rights may exist between the parties, of whatever kind and though strictly legal. This principle of the chancery court governs it in many cases analogous to foreclosure suits, and the inclination of courts is to have all the rights of parties relating to a single subject adjusted in one suit, and especially so since § 592, code 1892, authorizes the court to render a personal decree against the mortgagor for the balance due after a sale of the mortgaged estate has been made and the proceeds applied

in payment of the debt; this statute confers a jurisdiction, if none existed before its passage. This consideration is reinforced by section 147 of the constitution, which validates judgments and decrees of courts when rendered in mistake or error of jurisdiction.

*The decree is affirmed as to Mrs. Felder, and it is reversed as to De Witt C. Felder, and the case is remanded for further proceedings.*