## MYERS *v.* GIROIR

No. 39838 January 9, 1956 84 So. 2d 525

*Reeves, Brumfield & Reeves,* McComb; *Breed O. Mounger,* Tylertown, for appellant.

*Jordas S. Derbes,* New Orleans, La.; *Henley, Jones & Woodliff,* Jackson; *Louis Alford,* McComb, for appellee.

HOLMES, J.

The appellee, Deward J. Giroir, brought this suit as an attachment in chancery in the Chancery Court of Pike County against Thomas J. Myers, seeking the recovery of damages for personal injuries alleged to have been sustained as the result of a collision between a pickup truck driven by the appellant and a 1949 Plymouth sedan driven by the appellee. As grounds for the attachment, it was alleged that the appellant was a nonresident of the State of Mississippi and owned lands in Pike County, Mississippi.

The accident occurred on June 14, 1953, at about seven o'clock in the morning on one of the streets in McComb,

Mississippi. The appellee suffered a fracture of the right shoulder, as well as sustaining other bruises and injuries. The proof for the appellee showed that he was proceeding north on Magnolia Street, at a rate of speed of about thirty miles per hour and on his right side of the road when the appellant, in his pickup truck, without warning, drove onto the street from a side road or private driveway and into the pathway of appellee's car, with such suddenness that it was impossible for the appellee to avoid the collision. On the other hand, the appellant's proof showed that the appellee was driving at an excessive rate of speed and on his wrong side of the road and thus caused the collision.

The chancellor, after hearing the evidence, dismissed the attachment but found from the evidence that both parties were negligent, and that the negligence of the appellant exceeded that of the appellee, and, applying the comparative negligence statute, Section 1454 of the Mississippi Code of 1942, he entered a decree against the appellant and in favor of the appellee for $1,000 as damages to cover appellee's pain and suffering and loss of time and loss of earning capacity. From this decree, the appellant appeals.

The appellant contends (1) that the chancery court, upon the dismissal of the attachment, was without jurisdiction to render a personal decree against the appellant; and (2) that the personal decree rendered against the appellant is contrary to the overwhelming weight of the evidence; and (3) that the court erred in admitting evidence as to the amount of damages to the appellee's automobile.

As to the appellant's first contention, it is enough to say that this is answered by Section 147 of the Mississippi Constitution and Section 1964 of the Mississippi Code of 1942, which provide that no judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the grounds of want of jurisdiction to render such judgment

or decree. In this case, however, the chancery court was warranted in taking jurisdiction in view of the allegations of the pleadings as to the non-residence of the appellant and his ownership of lands in Pike County, Mississippi, and having lawfully taken jurisdiction, it was entitled to proceed to and adjust the rights between the parties, though strictly legal. This principle has been well settled under the prior decisions of this Court. In the case of Atkinson, et al v. Felder, et al, 78 Miss. 83, 29 So. 767, the Court held that the fact that the equitable feature of a suit to foreclose a mortgage was not available because of a defense interposed thereto did not preclude a court of chancery from allowing a recovery on the mortgage debt, though that was based on a strictly legal right. The Court said:

"And the fact that the equitable feature of the suit is not available because of some defense arising thereto does not preclude the court from giving a recovery for the money claimed, though that, as it turns out, is based upon a purely legal right. The court, having lawfully taken jurisdiction, is entitled to proceed, and to adjust whatever rights may exist between the parties of whatever kind, and though strictly legal. This principle of the chancery court governs it in many cases analogous to foreclosure suits, and the inclination of courts is to have all the rights of parties relating to a single subject adjusted in one suit . . . . This consideration is re-enforced by section 147 of the constitution, which validates judgments and decrees of courts when rendered in mistake or in error of jurisdiction."

We have carefully examined the authorities cited and relied upon by the appellant in support of his said contention and we do not find them in conflict with the decision which we have reached.

The appellant next contends that the decree of the court is contrary to the overwhelming weight of the evidence. The evidence as to the negligence vel non of the respective parties was conflicting. This presented

a factual issue for the determination of the chancellor. The chancellor's findings are binding upon us unless we are able to say that they are manifestly wrong, and this we are unable to do.

 It is also contended by the appellant that the court erred in admitting evidence of the financial loss sustained by the appellee by reason of the damage to his automobile. The basis of this contention is that the declaration made no demand for such loss. We think this contention is sound in principle, but that it presents no grounds for the reversal of this case in view of the fact that the chancellor's award did not include as an item of damages the financial loss which the appellee sustained by reason of the damages to his automobile. It included only damages to cover the appellee's pain and suffering and loss of time and his loss of earning capacity. Hence the error of the court in admitting the evidence resulted in no prejudice to the appellant and was harmless and does not constitute reversible error.

We are accordingly of the opinion that the decree of the court below should be and it is affirmed.

Affirmed.

*Roberds,* P.J., and *Lee, Arrington* and *Ethridge,* JJ., concur.