Shaw, et al. *v.* Owen, et al., d/b/a Owen Gin Company

No. 40262 November 5, 1956 90 So. 2d 179

*McClure & McClure,* Sardis; *Hill Jarratt,* Batesville, for appellants.

*Maynard, FitzGerald & Maynard,* Clarksdale, for appellees.

GILLESPIE, J.

This suit was brought by appellants in the chancery court for an injunction to abate an alleged nuisance and for damages alleged to have been sustained as the result of the appellee's operation of a cotton gin during the months of September through December 1954, the cotton ginning season.

Appellants' home was located 250 feet southwest of the incinerator used by appellees to burn refuse from the gin's operation. Appellants offered proof by a number of witnesses that during most of the time in question the operation of appellees' cotton gin caused appellants' home and premises to be permeated with excessive amounts of dust, lint, smoke, flying sparks, offensive odors and that the gin created excessive noises; that lint and dust got into appellants' home where it contaminated their food and caused much annoyance and inconvenience; that appellants suffered from colds resulting from the presence of smoke, lint and dust; that the windows and doors of appellants' home were kept closed in an unsuccessful attempt to keep out dust, lint and noise; that freshly washed clothes when hung out to dry would be covered with lint and dust. Appellees' proof was in conflict to some extent with that of appellants, but it appears to us, without so deciding, that the weight of the evidence was in favor of appellants on the question of the deleterious substances permeating appellants' home. It was shown that the gin, except for the incinerator used during the period in question, was the latest standard equipment.

The chancellor rendered an opinion in which he stated that all witnesses attempted to tell the truth. He made no specific finding on the question of the permeation of appellants' home by smoke, odors, and flying sparks, or on the question of noise, but did find that lots of lint and dust were caused to be blown onto appellants' property. The chancellor stated that the appellants had an action

at law on the question of damages. We think that the effect of the chancellor's opinion was that he did find the operation of the gin during the 1954 ginning season damaged appellants. The chancellor also found that a new and adequate incinerator had been erected since the 1954 ginning season and before the trial in the court below, and that the injunction would not lie; and in this he was correct. The chancellor dismissed the suit for damages on the following grounds: (a) Because there was no continued threat that the conditions would still exist and the injunction did not lie; that there was nothing before the court; that since the injunction feature of the case failed, he could not retain jurisdiction to award damages sustained while the nuisance was maintained, and (b) because there was no proof of damages in dollars and cents. No other questions were determined by the court below, and as we view the case, we should only determine whether either of the grounds of dismissal was legally sufficient.

 ██ The first question is whether in a suit brought in the chancery court for an injunction to abate a nuisance and for damages already accrued, and the suit failed on the injunction issue, the chancery court erred in not deciding the issue of damages. It is settled beyond question in this jurisdiction that where a suit is brought in the chancery court and the court takes jurisdiction on any one ground of equity, it will proceed in the one suit to a complete adjudication and settlement of every one of all the several disputed questions materially involved in the entire transaction, awarding by a single comprehensive decree all appropriate remedies, legal as well as equitable, although all the other questions involved would otherwise be purely of legal cognizance; ██ and if the ground of equity fails under the proof the cause may be retained to a complete final decree on the remaining issues, although the latter present legal subjects only and the decree would cover only legal rights

and grant none but legal remedies. Griffith's Chancery Practice, Sec. 28; McLendon v. Miss. State Highway Commission, 205 Miss. 71, 38 So. 2d 325; Myers v. Giroir, 84 So. 2d 525; Duvall v. Duvall, 80 So. 2d 752. This statement of law, as it relates to retention of jurisdiction after the equity feature fails, might indicate that the power to retain jurisdiction to determine the legal rights is only a permissive one. But the question as to whether the court must so retain jurisdiction is settled by at least two of our cases: Burnett v. Bass, 152 Miss. 517, 120 So. 456; Atkinson v. Felder, 78 Miss. 83, 29 So. 767. In both of those cases, the only ground of equity failed, the lower court declined to grant legal remedies involved, and this Court reversed and directed judgment to be rendered based on questions purely of legal cognizance.

■■■ We conclude that it was error for the lower court in the instant case to decline to determine the issue of damages after the equity feature of the case failed, even though the damages sought were purely of legal cognizance. If, however, the equity feature of a case fails, and the evidence shows that the jurisdiction of the chancery court was invoked in bad faith for the purpose of defrauding the appropriate law court of its jurisdiction, a different result might follow; but no such contention is made here.

■■■ The next question is whether the damages of the kind here involved must be proved in terms of money. Certain kinds of damages must be proved in terms of money, as for instance, depreciation in the value of real property when injury is permanent, 66 C. J. S., Nuisance, Par. 175, and depreciation of the rental or usable value during the continuance of the nuisance where the injury is temporary or remediable. Ibid.; Southland Co. v. Aaron, 221 Miss. 59, 72 So. 2d 161; Southland Co. v. Aaron, 80 So. 2d 823; Great Atlantic & Pacific Tea Company v. Mulholland, 84 So. 2d 504. But in cases where the damages are for annoyance, inconvenience, discomfort

and sickness, it is not necessary to make proof thereof in terms of money. If the nuisance complained of involves the violation of a right, recovery may be had even though the damages are not ascertainable with certainty. 66 C. J. S., Nuisances, Par. 18(e). There are many types of damages which are not susceptible of proof in terms of dollars and cents, or with precision. How could one prove in terms of money the value of pain and suffering, or loss of society and companionship?

██ █ This is a suit for damages for a nuisance resulting in unreasonable interference with appellants' home and the damages claimed are for annoyances, inconvenience, discomfort, and sickness. It should not be confused with such cases as Great Atlantic & Pacific Tea Co. v. Mulholland, supra, where the damages were to rental property. In cases where the principal element of damage is depreciation in the rental or usable value of property the complaining party may prove special or incidental damages such as annoyance, inconvenience, discomfort, or sickness, which are recoverable in addition to the principal element of damages. █ In this case the latter mentioned items are the only damages sought and may be said to be the principal, rather than the incidental, elements of damage. Cf. Laurel Equipment Co. v. Matthews, 218 Miss. 718, 67 So. 2d 258; Billups Petroleum Co. v. Hardin Bakeries Corp., 217 Miss. 54, 63 So. 2d 543.

For the reasons stated, the cause should be and is affirmed as to denial of the injunction and reversed and remanded for a hearing and determination of appellants' claim for damages.

Affirmed in part and reversed in part and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes,* JJ., Concur.