DIAZ, Justice,
dissenting from the denial of the motion for rehearing:
¶ 28. In keeping with the dissent to the majority’s opinion in this case, I also disagree with the denial of Blister's Motion for Rehearing. The crux of the matter is whether this case was properly before the chancery court. I find that it was.
¶ 29. The pertinent section of the Mississippi Tort Claims Act (MTCA) provides as follows:
Jurisdiction for any suit filed under the provisions of this chapter shall be in the court having original or concurrent jurisdiction over a cause of action upon which the claim is based. The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter.
Miss.Code Ann. § 11-46-13(1) (2002)(em-phasis added). According to this statute, an “appropriate court” is a court having original or concurrent jurisdiction over a cause of action. Further, the “appropriate court” shall decide any suit initiated under the MTCA as long as that court has subject matter jurisdiction. The MTCA does not define “appropriate court.” Although lawsuits brought under the MTCA have customarily been adjudicated in the circuit courts, there is no statutory or constitutional bar against their being heard by chancery courts.
¶ 30. In the statute quoted above, the Legislature refers to concurrent jurisdiction. Obviously this means that more than one court can properly hear a case. Bris-ter sued the Lawrence County School District and the Estate of James A. Blackmon as joint defendants. Article 6, § 159 of the Mississippi Constitution empowers the chancery court with jurisdiction over matters pertaining to the administration of estates. Article 6, § 156 prescribes the jurisdiction of circuit courts. In constru *852 ing the case at hand in light of these constitutional provisions, Brister could have properly brought suit in either the chancery court or the circuit court, as either court would have subject matter jurisdiction.
¶ 31. Further, it is not uncommon for chancery and circuit courts to have concurrent jurisdiction, thus allowing a plaintiff to bring suit in either court. For example, the circuit court generally has jurisdiction over a contract action, but when there is a dispute involving real property, the plaintiff must bring it in chancery court or if he sues for strictly a breach of contract, he may bring it in circuit court. Art. 6, § 159 of the Mississippi Constitution gives the chancery court jurisdiction over matters involving divorce, alimony and child support. However, when a bond is required to secure the payment of child support and the defendant fails to pay, the plaintiff can bring suit against the sureties in chancery or circuit court. In wording the above statute, the Legislature took into consideration that although torts generally fall in the domain of the circuit court, an action under the Tort Claims Act could foresee-ably involve matters normally within the jurisdiction of the chancery court. By saying the “court having original or concurrent jurisdictionf,]” the Legislature allowed for jurisdiction by whichever court is more appropriate in any given situation.
¶ 32. Where the chancery court has exercised its equity jurisdiction, it may proceed to a complete adjudication of the suit and award all appropriate legal and equitable remedies. Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 193 (Miss.1995) (citing Shaw v. Owen, 229 Miss. 126, 132-33, 90 So.2d 179, 181 (1956)); First Nat’l Bank of Vicksburg v. Middleton, 480 So.2d 1153, 1156 (Miss.1985). See also Morgan v. U.S. Fid. & Guar. Co., 222 So.2d 820, 826 (Miss.1969). This complete adjudication includes the award of any punitive damages where appropriate, although the chancery court has actual subject matter jurisdiction over such claims rather than merely pendent jurisdiction. Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 464 (Miss.1983).
¶33. The Mississippi Legislature provides that lawsuits pertaining to the MTCA may be properly brought in any “court having original or concurrent jurisdiction[.]” Miss.Code Ann. § 11-46-13(1). Inasmuch as Brister’s claim against Black-mon’s estate is constitutionally within the jurisdiction of the chancery court, this case, even though it involves the MTCA, may be heard by the chancery court. Accordingly, I disagree with the majority’s decision to deny Brister’s Motion for Rehearing.
EASLEY, J., JOINS THIS OPINION.