# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02317-SCT

*TYSON BREEDERS, INC., STAN VARNER AND*
*MACK WALKER*

*v.*

*JAMES ERIC HARRISON*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/28/2005 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | LEWIS W. BELL |
| | G. DAVID GARNER |
| ATTORNEYS FOR APPELLEE: | AUDRY REGNAL BLACKLEDGE |
| | DAVID SHOEMAKE |
| | JOHN DUDLEY BUTLER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | VACATED AND REMANDED -10/19/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is before the Court on appeal from the Chancery Court of Covington County, by the defendant Tyson Breeders, Inc. ("Tyson"). Plaintiff James Eric Harrison seeks relief, including specific performance, injunctive relief, and actual and punitive damages, from Tyson, alleging that Tyson is responsible for damages he sustained when Tyson allegedly failed to abide by their Hatch Egg Production (HEP) Contract.[1]

---

[1] Tyson enters HEP contracts in order to supply fertilized eggs that can be hatched and grown into marketable poultry. Tyson delivers hens and cockerels to producers who are then expected to provide care and maintenance for the chickens for a period of approximately forty

¶2. Tyson seeks review of the chancellor's order, which (1) granted partial summary judgment to Harrison on Harrison's breach of contract claim, and (2) transferred the remaining issue of damages to the Circuit Court of Covington County for a trial to determine damages. Tyson argues that the chancellor erred as a matter of law by failing to transfer Harrison's action, in its entirety, to the circuit court. As such, Tyson asserts the chancellor's order should be vacated and the entire matter transferred to the circuit court. In the alternative, Tyson claims that there are genuine issues of material fact as to Tyson's alleged liability, and therefore the order of partial summary judgment against Tyson should be vacated. Finding no jurisdiction in the chancery court, we hold that chancellor erred. Harrison's case is best heard in circuit court.

## FACTS AND PROCEDURAL HISTORY

¶3. In 2000, Tyson and Harrison entered into an agreement whereby Harrison would grow and care for flocks of breeder hens in return for Tyson furnishing the flocks and providing feed, litter, poultry medication and technical instruction for the commercial production of eggs. Tyson informed Harrison in December of 2001, that he needed to enter into a subsequent HEP contract. On February 4, 2002, Tyson completed and executed the subsequent contract for a term of one year, beginning December 31, 2001 and ending on December 31, 2002. Meanwhile, Harrison continued to repair and upgrade his equipment and facilities as

---

weeks. During the forty-week period, the chickens are allowed to breed, and the eggs produced are collected by the producer, retrieved by Tyson, and transported to hatcheries. After the forty-week period, all of the flock remaining is caught and transported to Tyson facilities for further processing.

2

required by Tyson. He also continued to grow and care for the flocks of breeder hens for Tyson until late February or early March, when Tyson personnel removed all chickens from his property without any written notice of termination as required under the contract. In addition to his lack of notice, Harrison was not allowed to participate in performance improvement procedures, which were also required by the terms of the contract before termination. Throughout the remainder of the contract term, Tyson refused to provide other chickens to Harrison.

¶4. On December 17, 2002, Harrison filed a Complaint, alleging that Tyson breached the HEP contract by removing the chickens from his premises and by refusing to furnish him with another flock. Tyson unsuccessfully removed the case to federal court. Upon remand, Tyson moved to transfer the case to the Circuit Court of Covington County based on the following grounds: (1) the chancery court lacked subject matter jurisdiction; (2) the remedies sought were legal, not equitable, in nature; and (3) transfer was required to protect defendant's constitutional right to a jury trial. At the hearing on the Motion to Transfer on June 29, 2005, the chancellor took the issue of transfer under advisement, but ultimately found the chancery court had jurisdiction over the matter. Harrison subsequently filed a motion for partial summary judgment. On November 28, 2005, the chancery court entered an order which granted partial summary judgment in favor of Harrison for breach of contract and transferred the matter to the Circuit Court of Covington County for the purpose of determining damages. Tyson subsequently petitioned the court for interlocutory appeal, which was granted. See M.R. A.P. 5. On appeal, Tyson presents the following issues for review:

3

I. Whether the Chancery Court Erred as a Matter of Law in Failing to Transfer this Action for Damages, in its Entirety, to the Circuit Court.

II. Alternatively, Whether the Chancery Court's Entry of Partial Summary Judgment on Liability (Breach of Contract) Fails as a Matter of Law.

## STANDARD OF REVIEW

¶5. Jurisdiction is a question of law that is reviewed by this Court de novo. ***Burnette v. Hartford Underwriters Ins. Co.,*** 770 So. 2d 948, 950 (Miss. 2000). The standard of review for a ruling on a motion to transfer from chancery court to circuit court is also de novo. ***Union Nat'l Life Ins. Co. v. Crosby,*** 870 So. 2d 1175, 1178 (Miss. 2004). Further, de novo review of grants of summary judgment by a trial court applies equally to grants of partial summary judgment. ***Webb v. Braswell***, 930 So. 2d 387, 398 (Miss. 2006).

## ANALYSIS

¶6. Tyson, citing ***Crosby***, alleges that despite inclusion of purported "equitable" claims, a complaint seeking actual and punitive damages and asserting claims for fraud, fraudulent inducement, breach of contract and negligence is clearly legal in nature and should be heard in circuit court to preserve the right of trial by jury. 870 So. 2d at 1179-82. Tyson also claims that jurisdiction over a breach of contract action rests in circuit and not chancery court, and the remedy on interlocutory appeal is to order the transfer of the case from chancery to circuit court. Tyson further claims that since the HEP contract sought to be specifically enforced expired on December 31, 2002, there is no longer a contract upon which specific performance can be granted. ***Poole v. McCarty,*** 229 Miss. 170, 90 So. 2d 190, 192-93 (1956).

4

¶7.   Conversely, Harrison cites to *Shaw v. Owen*, 229 Miss. 126, 90 So. 2d 179, 181 (1956), which states "where a suit is brought in the chancery court and the court takes jurisdiction on any one ground of equity, it will proceed in the one suit to a complete adjudication and settlement of every one of all the several disputed questions materially involved in the entire transaction . . . ." *Shaw* has been cited by the Court in numerous opinions, emphasizing that once a chancery court exercises equity jurisdiction, it may proceed to completely adjudicate the suit and award all appropriate remedies, both legal and equitable, even where the other questions involved in the suit are purely legal. *Leaf River Forest Prods, Inc. v. Deakle,* 661 So. 2d 188, 193 (Miss. 1995). *See also Tillotson v. Anders*, 551 So.2d 212, 213 (Miss. 1989) (where it appears from the face of a well-pleaded complaint there is an independent basis for equity jurisdiction, chancery courts may hear and adjudge law claims).

¶8.   Article 6 of the Mississippi Constitution of 1890 designates the circuit court as a court of general jurisdiction, and the chancery court as one of limited jurisdiction.  Section 159 limits the jurisdiction of chancery courts to the following areas: (a) all matters in equity; (b) divorce and alimony; (c) matters testamentary and of administration; (d) minor's business; (e) cases of idiocy, lunacy, and persons of unsound mind; and (f) all cases of which the said court had jurisdiction under the laws in force when the Constitution was put in operation. Miss. Const. art. 6, § 159.  Section 162 states, "all causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." Miss. Const. art. 6, § 162.

¶9.     This Court has held that breach of contract issues are best heard in circuit court. *Southern Leisure Homes, Inc. v. Hardin*, 742 So. 2d 1088, 1089-90 (Miss. 1999).   In cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court. *Id.*   Although the Court has previously allowed a chancery court to retain jurisdiction over cases involving questions of both law and equity, more recent cases hold that equitable claims are more appropriately brought before a circuit court when they are connected to a contractual relationship or other claims tied to questions of law. *ERA Franchise Sys. v. Mathis*, 931 So. 2d 1278, 1282-83 (Miss. 2006).

¶10.     In *Mathis,* a former member of a real estate corporation alleged that member defendants wilfully diverted corporate assets to new entities in an attempt to convert the corporation's assets, intentionally excluded plaintiff from the business and induced real estate agents to terminate their agent contracts with the corporation by becoming agents of the new entities,   resulting in the loss of his equity investment in the corporation.   *Id.* at 1279-80. Plaintiff's complaint contained numerous breach of contract allegations and requested relief in the form of a constructive trust, estoppel, specific performance, and actual and punitive damages.   *Id*. at 1280.   Similarly to the present case, the defendants in *Mathis* filed a motion to transfer the case to circuit court, which the chancellor denied, and instead bifurcated the action.   *Id.*   The chancellor stated that after ruling on "all derivative claim issues as raised by the pleadings and any other strictly chancery matters," "all specific performance claims, if any," and "all claims for rescission asserted by Mathis", he would consider any remaining issues and

6

transfer any issues he deemed to be legal to circuit court. *Id.* The Court held that because the claims involved questions of law and equity, requested punitive damages, and because having the claims adjudicated in chancery court would deprive defendants of the right to a jury trial, the case was better tried in circuit court. *Id.* at 1283-84. Finding that the chancellor erred in denying the defendants' motion to transfer the case to circuit court, the Court reversed and remanded the case with instructions to transfer the case to circuit court. *Id.*

¶11.    Additionally, the Court has held that "it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction". *Crosby*, 870 So.2d at 1182. *See also* *Copiah Med. Assocs. v. Miss. Baptist Health Sys.*, 898 So. 2d 656, 661 (Miss. 2005) (the circuit court is more adept to handle equity cases, rather than the chancery court to handle legal claims). In *Copiah, Crosby* and *Mathis*, we have confirmed the lack of jurisdiction in chancery court and the exclusive jurisdiction in circuit court in each of these breach of contract cases, and accordingly ordered the transfer of each case to circuit court.

¶12.    We also stated, in *Roberts v. Spence,* that "ordinarily a court of equity will not attempt to enforce a contract by specific performance where the parties have an adequate remedy at law to recover damages growing out of a party's failure to carry out a contract's terms." 209 So.2d 623, 626 (Miss. 1968). This case does not involve an unique matter such as real estate where specific performance is a particularly appropriate remedy. Rather, the equitable remedy sought by Harrison in his complaint filed on December 17, 2002, involved the specific

7

performance of a contract for services, which expired on December 31, 2002. The chancellor's order which granted partial summary judgment on liability for breach of contract entitled Harrison to "relief either in equity by the enforcement by the Chancery Court of the contract *or through damages*" (emphasis added). Thus, even the chancellor's order demonstrates that specific performance is not the more appropriate remedy in this matter, as the order also acknowledges an adequate remedy at law to recover damages. Therefore, consistent with the rationale in **Roberts,** the proper remedy for Harrison's action for breach of contract is at law to recover damages, which is best heard by the circuit court. **Hardin**, 742 So. 2d at 1089-90.

¶13. Alternatively, Tyson argues that genuine issues of material fact exist concerning Harrison's failure to perform under the agreement. As such, Tyson asserts that the chancery court erred in granting partial summary of judgment on liability in favor of Harrison. Having found that the chancery court lacked proper jurisdiction to hear Harrison's breach of contract claims, Harrison was thus not entitled to judgment as a matter of law concerning those claims. Therefore, this issue concerning the underlying merits of the chancellor's judgment is irrelevant.

## CONCLUSION

¶14. Finding that Harrison's claims include contractual questions of law and equity, request punitive damages and because having the claims adjudicated in chancery court would deprive Tyson of the right to a jury trial, we find the chancellor erred in failing to transfer the matter to circuit court. Because the chancery court did not have jurisdiction over Harrison's claims,

8

we also find that the order of partial summary judgment against Tyson on liability fails. We vacate the order of partial summary judgment against Tyson and remand with instructions to transfer the case to the Covington County Circuit Court.

¶15. **VACATED AND REMANDED.**

**WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. RANDOLPH, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**