FAIR, J.,
for the Court:
¶ 1. Steven Ford and his limited-liability company, Big River, appeal a judgment in favor of John Callón and his limited-liability companies, Wilcox Drilling and Callón *125 Group, for damages based on breach of contract.[1] Ford asserts two errors at the trial level: (1) transfer to the circuit court by the chancery court, and (2) admission of the testimony of Callon’s expert witness. Finding that the testimony of the expert witness was properly admitted and that transfer to the circuit court was not reversible error, we affirm the decision of the trial court.
FACTS
¶ 2. Callón and Ford contracted to form an oil and gas drilling company, Big River Oilfield Services, as a successor to Wilcox Drilling. Callón believed that he would be a joint owner of Big River and that he would manage the new company. Acting on that belief, Callón transferred equipment to Big River valued at around $700,000. After three months of managing Big River, Callón was pushed out and ultimately fired.
¶ 3. Callón sued Ford in the Adams County Chancery Court seeking specific performance, other equitable relief, and money damages. The chancery court entered a temporary restraining order enjoining use of the drilling equipment. According to Callón, there were several settlement attempts. But it became apparent that his return to Big River as an owner or employee would not work, so he abandoned his equitable claims. Callón amended his complaint without objection from Ford. He removed and dismissed any claims for equitable relief and sought only legal remedies for breach of contract. On Callon’s motion, the case was then transferred to the Adams County Circuit Court.
¶ 4. After a bench trial, the circuit court awarded Callón a judgment for $258,352 plus interest. Expert Jack Blaney’s testimony was presented as to the value of the equipment Callón brought to Big River. Ford moved to strike this testimony because Blaney had no first-hand knowledge of the equipment’s condition. This motion was denied. Ford now appeals.
STANDARD OF REVIEW
¶ 5. “When reviewing a trial court’s decision to allow or disallow evidence, including expert testimony, we apply an abuse of discretion standard.” Can. Nat’l/ Ill. Cent. R.R. v. Hall, 953 So.2d 1084, 1094 (¶29) (Miss.2007) (citation omitted). Unless the trial court’s decision was arbitrary or clearly erroneous, its decision will stand. See Irby v. Travis, 935 So.2d 884, 912 (¶ 79) (Miss.2006).
¶ 6. Jurisdiction is a question of law that is reviewed de novo. Burnette v. Hartford Underwriters Ins. Co., 770 So.2d 948, 950 (¶ 4) (Miss.2000). When considering the ruling on a motion to transfer from chancery court to circuit court, our review is de novo. See Union Nat’l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1178 (112) (Miss.2004).
1. Blaney’s Expert Testimony
¶ 7. Blaney was the only expert who testified regarding the value of the equipment Callón brought to Big River. During cross-examination, Blaney admitted that he had not personally examined the condition of each piece of equipment but stated he was familiar with the types of equipment used. He relied on Callon’s testimony that the equipment was all in working order to formulate his opinion. Ford argues that Blaney’s testimony should have been stricken because his *126 opinion regarding value was not based on sufficient facts.
¶8. Mississippi Rule of Evidence 702 requires that an expert witness’s opinion be based on sufficient facts or data. Rule 703 states: “The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing.” M.R.E. 703. Thus, Blaney’s testimony did not have to be based on his personal perception of the equipment; he was entitled to rely upon the facts made known to him by Callón.
¶ 9. “[T]o be admissible, the expert’s opinion need not be based on firsthand knowledge.” Worthy v. McNair, 37 So.3d 609, 615 (¶ 19) (Miss.2010). That an expert witness did not examine the equipment goes to the weight of his testimony, not its admissibility. See McCaffrey v. Puckett, 784 So.2d 197, 203 (¶ 19) (Miss.2001). Moreover, Ford did not object to Blaney being qualified as an expert. Once a witness is qualified as an expert, it is up to the trier of fact to assign weight and credibility to his testimony. See Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 796 (Miss.1995). “[E]xpert opinions are only advisory in nature and are not binding on a trier of fact.” Utz v. Running & Rolling Tracking, Inc., 32 So.3d 450, 460 (¶ 19) (Miss.2010). It was Ford’s responsibility to offer evidence that would rebut Blaney’s opinion, as well as evidence to rebut Callon’s testimony on the condition of the equipment. We conclude that the trial court did not abuse its discretion in refusing to strike Blaney’s testimony.
2. Transfer to Circuit Court
¶ 10. The Mississippi Constitution of 1890 prohibits this Court from reversing for lack of subject-matter jurisdiction after a final judgment has issued unless we find another error in the proceedings. Miss. Const, art. 6, § 147. As we find no error regarding testimony by the expert witness, we do not reverse the trial court’s decision, but we discuss the jurisdictional matter for clarity.
¶ 11. Article 6 recognizes the circuit court as a court of general jurisdiction and the chancery court as one of limited jurisdiction. “To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought.” RAS Family Partners v. Onnam Biloxi, LLC, 968 So.2d 926, 928 (¶ 11) (Miss.2007) (citations omitted). If it appears from the face of a well-pleaded complaint that an independent basis for equity jurisdiction exists, then a chancery court may hear and adjudge legal claims. RE/Max Real Estate Partners, Inc. v. Lindsley, 840 So.2d 709, 711-12 (¶ 13) (Miss.2003). Conversely, “if the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction and adjudge pendant equitable claims.” RAS Family Partners, 968 So.2d at 928 (¶ 11).
¶ 12. If there is some doubt, the case is better tried in circuit court because “it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law....” Burnette, 770 So.2d at 952 (¶ 14) (citation omitted). In Derr Plantation, Inc. v. Swarek, 14 So.3d 711, 717 (¶ 13) (Miss.2009), the Mississippi Supreme Court reviewed several recent breach-of-contract cases in which the chancery court’s jurisdiction was challenged. The court noted that in contract cases in which damages were the appropriate remedy, the circuit court has exclusive jurisdiction. Id. But in Derr Plantation, the primary relief sought was specific performance; therefore, the *127 breach-of-contract claim was an equitable claim. Id. at 717-18 (¶¶ 15-16). Transfer to circuit court in that case by the chancellor was reversed and the matter remanded to the chancery court for decision. Id. at 720 (¶ 20).
¶ 13. This Court recently applied the Derr Plantation rule and found that a contract claim requesting damages should have been heard in circuit court even though the plaintiff also asserted an unjust-enrichment claim. Mark S. Bounds Realty Partners v. Lawrence, 34 So.3d 1224, 1229-1230 (¶ 16) (Miss.Ct.App.2010). Because all of the plaintiff’s other claims requested a legal remedy, they should have been raised in a court of law. Id. at 1230 (¶ 16).
¶ 14. Here, Callon’s original complaint requested specific performance along with legal remedies. After nine months, Callón amended his complaint, and Ford offered no objection. In the amended complaint, Callón abandoned all equitable claims and requested only damages. Upon our review of the amended complaint, there is no remaining basis for equity jurisdiction, and the chancery court properly transferred the case to the circuit court.
¶ 15. Even if Callon’s specific-performance claim had not been dismissed, the result would be the same. The supreme court, in Tyson Breeders, Inc. v. Harrison, 940 So.2d 230, 234 (¶¶ 12-13) (Miss.2006), addressed a breach-of-contract claim for damages and specific performance. The contract in question did not involve title to real estate, and ordering specific performance would have required periodic supervision by the court. Id. at 234 (¶ 12). The supreme court held that the claim was within the exclusive jurisdiction of the circuit court and should have been transferred from chancery court to circuit court. Id. In ERA Franchise Sys., Inc., 931 So.2d 1278, 1283-84 (¶ 15) (Miss.2006), the supreme court noted that the breach of a contract governing the parties’ business relationship was best determined in the circuit courts.
¶ 16. Ford argues under Derr Plantation that because the chancery court assumed jurisdiction and granted Callón a temporary restraining order, the court was required to retain jurisdiction. But in Derr Plantation, litigation had proceeded for two years, and the court had denied summary judgment to both parties before the plaintiffs sought to transfer their case. Derr Plantation, 14 So.3d at 715 (¶¶ 5-6). Here, no dispositive motions were heard or adjudicated by the chancery court, and litigation had only proceeded for nine months. The chancery court was under no obligation to retain the case once the complaint was amended to remove any and all claims for equitable relief.
¶ 17. Ford also makes much of the language used in Callon’s motion to transfer. The motion requests a transfer to the circuit court for a jury trial. After the case was transferred, the parties proceeded to a bench trial. Ford asserts that this behavior evidences judge shopping, but we disagree. The language “for a jury trial” in the motion to transfer appears to be pro forma, and Callón explained his reason for requesting the transfer in the body of the motion. This suggestion of nefarious behavior is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. For convenience, we refer to the parties collectively as Ford and Callón throughout this opinion.