# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00546-COA

**MISSISSIPPI DIVISION OF SONS OF CONFEDERATE VETERANS**          **APPELLANT**

**v.**

**UNIVERSITY OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2017 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL CLAYTON BAREFIELD |
| ATTORNEYS FOR APPELLEE: | J. CAL MAYO JR. |
| | SARAH KATHERINE EMBRY |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 09/04/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.

### IRVING, P.J., FOR THE COURT:

¶1.    Mississippi Division of Sons of Confederate Veterans (SCV)[1] appeals the judgment of the Lafayette County Circuit Court. SCV makes the following arguments: the chancery court erred in transferring the case to the circuit court for lack of subject matter jurisdiction; the circuit court erred in assuming subject matter jurisdiction over the case; the circuit court erred in dismissing the case; and the circuit court erred in ruling that this case is a mandamus

---

[1] The original petition lists the Petitioner as "Mississippi Division Sons of Confederate Veterans." Later, an amended petition lists the Petitioner as "Mississippi Division of the United Sons of Confederate Veterans." The final order lists the Petitioner as "Mississippi Division United Sons of Confederate Veterans." For clarity, this opinion will address the petitioner as "Mississippi Division of Sons of Confederate Veterans."

action.  Finding no error, we affirm.

FACTS

¶2.    SCV filed its original petition on September 18, 2014, in the Lafayette County Chancery Court, requesting an injunction against the University of Mississippi (UM), in response to UM's diversity plan that set out to move, rename, or recontexualize confederate monuments, street names, and building names on its Oxford, Mississippi, campus.  The petition requested that UM be prevented from altering, desecrating, attacking, removing, or renaming any of the confederate monuments or insignia on campus.  A Rule 81 Summons was issued for UM, but the record does not show if it was served.  Nevertheless, on October 17, 2014, two lawyers entered their appearances on behalf of UM.   After almost two years of inactivity, on April 29, 2016, the chancery court entered an order removing the case from its trial docket and dismissing it without prejudice.  On May 9, 2016, SCV filed an amended petition for injunction and other relief.  By that time, UM had begun moving forward with its diversity plan and had renamed Confederate Drive.  It had also placed a placard near a confederate monument on campus to recontexulaize its presence.  In its amended petition, SCV requested that those actions be reversed, in addition to requesting that no further changes be made.

¶3.    UM responded to the amended complaint and filed a motion to dismiss pursuant to Rule 12(b)(1) of the Mississippi Rules of Civil Procedure for lack of subject matter jurisdiction.  After responses to the motion to dismiss had been filed and the case had been

2

set for hearing, SCV filed a motion to have the case reinstated. The motion stated that neither party was aware of the dismissal, and with the court's approval, the case was reinstated by agreement between the parties.

¶4.     According to SCV, at an informal hearing in the judge's chambers, the chancery court found that SCV sought mandamus relief and that it lacked subject-matter jurisdiction to hear the case, as that jurisdiction resides with the circuit court. Rather than dismiss the action, the chancery court entered an order denying dismissal and transferring the action to the circuit court. SCV did not file a motion for reconsideration or any other motions stemming from that order.

¶5.     After the transfer to the circuit court, UM filed a motion to dismiss for lack of standing. SCV filed a motion to determine jurisdiction and to transfer back to chancery court. After responses and rebuttals to both motions, a hearing was held before the circuit court on March 7, 2017. The circuit court ruled that the case was a mandamus action and not simply a case for injunctive relief, denied SCV's motion, and granted UM's motion to dismiss for lack of standing to bring a mandamus action. SCV appealed.

## DISCUSSION

¶6.     This Court "reviews errors of law, which include summary judgments and motions to dismiss, de novo." *Aldridge v. West*, 929 So. 2d 298, 300 (¶6) (Miss. 2006). "Jurisdiction is a question of law that is reviewed de novo. When considering the ruling on a motion to transfer from chancery court to circuit court, our review is de novo." *Big River Oilfield*

3

*Servs. LLC v. Wilcox Drilling Co.*, 109 So. 3d 123, 125 (¶5) (Miss. Ct. App. 2012).

¶7.     The nature of this controversy is the alleged violation of Mississippi Code Annotated

section 55-15-81 (Rev. 2014), which states in pertinent part:

> (1) None of the following items, structures or areas may be relocated, removed, disturbed, altered, renamed or rededicated: Any . . . War Between the States . . . statues, monuments, memorials or nameplates (plaques), which have been erected on public property of the state or any of its political subdivisions, such as local, municipal or county owned public areas, and any statues, monuments, memorials, nameplates (plaques), schools, streets, bridges, buildings, parks preserves, reserves or other public items, structure or areas of the state or any of its political subdivisions, such as, local, municipal or county owned public areas, which have been dedicated in memory of, or named for, any historical military figure, historical military event, military organization or military unit.

> (2) No person may prevent the public body responsible for maintaining any of the items, structures or areas described above from taking proper measures and exercising proper means for the protection, preservation, care, repair or restoration of those items, structures or areas. The governing body may move the memorial to a more suitable location if it is determined that the location is more appropriate to displaying the monument.

SCV asserts that UM's diversity plan, which includes recontextulizing confederate

monuments and renaming streets, violates section 55-15-81. SCV argues that it requested

injunctive relief and not mandamus relief under Mississippi Code Annotated section 11-41-1

(Rev. 2012) (emphasis added), which states:

> On the complaint of the state, by its Attorney General or a district attorney, in any matter affecting the public interest, or on the complaint of ***any private person who is interested***, the judgment shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.

SCV contends that UM is simply acting ultra vires and the mandamus statute is not applicable.

*I.    Subject-Matter Jurisdiction: Chancery Court*

¶8.    SCV argues that the chancery court erred in transferring the case to the circuit court for lack of subject matter jurisdiction. "It goes without saying that in every lawsuit subject[-] matter jurisdiction needs to be determined, and determinable, at the outset." *Penrod Drilling Co. v. Bounds*, 433 So. 2d 916, 924 (Miss. 1983) (Robertson, J., specially concurring). "[E]very court has jurisdiction to determine its own jurisdiction." *Id*. "To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought." *Derr Plantation Inc. v. Swarek*, 14 So. 3d 711, 716 (¶11) (Miss. 2009). SCV asserts that in both the original petition and the amended petition—it requested injunctive relief—but it did not request relief pursuant to the mandamus statute. As such, the case should have stayed in chancery court.

¶9.    UM responds that upon the chancery court's entry of the transfer order, SCV had three options: (1) move the chancery court to reconsider under Rule 60(c) of the Mississippi Rules of Civil Procedure,[2] (2) petition this Court for an interlocutory appeal[3] under Rule 5 of the

---

[2] "An order transferring a case to another court will become effective ten (10) days following the date of entry of the order. . . . If a motion for reconsideration is filed, all proceedings will be stayed until such time as the motion is ruled upon . . . ." M.R.C.P. 60(c).

[3] "A party aggrieved by the trial court's grant or denial of a motion to transfer may seek relief by pursuing an interlocutory appeal." *Derr Plantation Inc. v. Swarek*, 14 So. 3d 711, 716 (¶10) (Miss. 2009).

5

Mississippi Rules of Appellate Procedure, or (3) accept jurisdiction in the circuit court. UM argues that SCV chose option three and simply accepted jurisdiction in the circuit court.[4][5] UM contends that SCV cannot now, after final resolution in the circuit court, challenge the chancery court's transfer order.

¶10. We agree with UM. After the chancery court entered an order denying dismissal and transferring the action to the circuit court, SCV could have filed a motion for reconsideration or a motion for an interlocutory appeal, but instead, it failed to challenge the judgment from the chancery court transferring the case. This issue is without merit.

## II. Subject-Matter Jurisdiction: Circuit Court

¶11. SCV asserts that the circuit court erred in assuming subject matter jurisdiction over the case. "[A] failure of subject-matter jurisdiction may be raised at any stage of a proceeding." *Crowe v. Smith*, 603 So. 2d 301, 308 (Miss. 1992). SCV argues that the petition sought injunctive relief and that the chancery court was the appropriate place for it to be heard. However, even assuming that the petition sought some form of mandamus relief, SCV argues that the chancery court would still be able to decide the issue of law, along with the equity issues. SCV requests that this Court remand this case to the chancery court.

¶12. We agree with UM's argument that the circuit court correctly determined that it had

---

[4] The circuit court considered and denied SCV's "Motion to Determine Jurisdiction and Transfer to Chancery Court."

[5] "If there is some doubt, the case is better tried in circuit court because it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law." *Big River Oilfield Servs. LLC*, 109 So. 3d at 126 (¶12).

subject matter jurisdiction over this action and correctly denied SCV's motion to transfer the case back to chancery court. As pointed out by UM, the circuit court had two independent bases for jurisdiction: (1) Mississippi Code Annotated section 9-7-83 (Rev. 2014), which states that the "circuit court shall have jurisdiction of all cases transferred to it by the chancery court . . . ;" and (2) Mississippi Code Annotated section 11-41-3 (Rev. 2012), which gave the circuit court exclusive jurisdiction because SCV sought mandamus relief. As such, subject matter jurisdiction was proper. This issue is without merit.

### III. Circuit Court Dismissal

¶13. SCV argues that, assuming this Court agrees that SCV lacks standing to bring a mandamus action, there remained a claim for equitable relief in the form of an injunction to prevent UM from continuing its diversity plan and disturbing further monuments in violation of the law. The circuit judge stated:

> I believe that this probably has elements of both mandamus and injunctive relief. University, we want the court to make you remove the plaque and make you rename the street. I think is in the nature of a mandamus action. University, quit doing other things in the future, renaming buildings and that kind of thing. I think is in the nature of injunctive action.

SCV argues that the court was in error for dismissing the entire action for a lack of standing after admitting that part of the requested relief was injunctive in nature and not mandamus. Assuming the circuit court's jurisdiction was proper, it had the right to decide all of the issues before it.[6]

---

[6] Article 6 recognizes the circuit court as a court of general jurisdiction and the chancery court as one of limited jurisdiction.

7

¶14. UM responds that SCV seeks to compel it to do or not to do an act, the performance or omission of which section 55-15-81 specifically enjoins. Although SCV did not explicitly apply for mandamus relief in its complaint, "[t]he reviewing court must look to the substance, not the form, of a claim to determine whether that claim is legal or equitable." *Derr Plantation Inc.*, 14 So. 3d at 716 (¶11). As is discussed more fully below, we agree that SVC, despite its argument to the contrary and the nomenclature used, sought mandamus relief; as such, the circuit court was correct in dismissing the entire action.

IV.    *Mandamus Action*

¶15. Finally, SCV argues that the circuit court erred in ruling that this case was a mandamus action. In order to give context to the difference between mandamus relief and injunctive relief, SCV cites *Madison County v. Mississippi State Highway Commission*, 191 Miss. 192, 198 So. 284, 287 (1940), in pertinent part:

> In 38 C. J., page 545, par. 12, it is said: "Injunctions and mandamus are not interchangeable, but present several well defined points of difference. Mandamus is strictly a legal remedy while the remedy of injunction is solely equitable and cognizable in no other forum than a court of equity. Also,

> To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought. If it appears from the face of a well-pleaded complaint that an independent basis for equity jurisdiction exists, then a chancery court may hear and adjudge legal claims. Conversely, if the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction and adjudge pendant equitable claims.

*Big River Oilfield Servs.*, 109 So. 3d at 126 (¶11).

8

mandamus is a remedy to compel action while injunction is a remedy to prevent action, and while there are a limited number of cases in which the rule is apparently denied altogether, or greatly limited, it is very generally held that mandamus is not the proper remedy where the relator does not ask that defendant be compelled to do an act, but demands on the contrary that he be forbidden to do certain acts, and that mandamus cannot be made to perform the office of an injunction. And on the other hand, mandamus and not injunction is ordinarily the proper remedy where nothing is sought but the enforcement of a legal duty, although under some circumstances a mandatory injunction will issue to compel the performance of a duty of this character if for any reason mandamus is not available.

SCV asserts that, at the time the original petition was filed, it did not seek to compel any action by UM, but simply demanded that UM be forbidden from taking certain acts in violation of section 55-15-81. Before the filing of the amended complaint, UM had begun to implement its diversity plan and, according to SCV, had violated section 55-15-81 in the process. SCV asserts that jurisdiction is determinable as of the date of the filing of an action; therefore, UM should be enjoined not only from implementing the remaining aspects of its diversity plan in the future, but should also be enjoined from continuing its violations of section 55-15-81, which commenced subsequent to the filing of the complaint. It contends that the mandamus statute is in no way applicable, as the case at bar does not seek to require UM to perform an official duty enjoined upon it by law or an official act that pertains to its duties as a state university. Rather, the nature of this action, according to SVC, is to prevent UM from violating section 55-15-81, as to which UM has no official duty, yet acted in blatant violation thereof, contrary to law.

¶16.	UM responds that to bring a mandamus action, a petitioner must satisfy four essential

elements:

> (1) the petitioner must be authorized to bring the suit, (2) there must be a clear right in petitioner to the relief sought, (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel, and (4) there must be no other adequate remedy at law. In addition to the four essentials, petitioners for writs of mandamus must also show that they have an interest separate from or in excess of that of the general public in order to have standing to seek the writ.

*Bennett v. Bd. of Sup'rs of Pearl River Cty.*, 987 So. 2d 984, 986 (¶6) (Miss. 2008). UM asserts, and this Court agrees, that SCV had no interest separate from or in excess of that of the general public. This matter affects the public interest and may be brought, if at all, only by the Attorney General or a district attorney. We find that SCV's members have no private right that entitles them to require that UM refrain from implementing its diversity plan. This issue is without merit.

¶17. **AFFIRMED.**

     **LEE, C.J., GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. GRIFFIS, P.J., BARNES, FAIR AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**