# Porter, Appellant, *v.* Grisham.

An appeal *bond* as well as the *security* must be approved of by the court.

Where the court only approved of the security and authorised the bond to be given any time within thirty days: *Held*, insufficient.

Causes can be brought into this court by appeal or writ of error, but to give jurisdiction to the court, the requisitions of the law in relation to obtaining such writ or appeal must be strictly complied with.

APPEAL from the decision of the probate court of Franklin county.

Stewart, for the appellant.

Boyd, *contra.*

Mr. Justice PRAY delivered the opinion of the court, which states sufficiently the only question arising in the cause.

This cause purported to come up on an appeal from the court of probate of Franklin county.

On examining the record we find the following entry:

"And, afterwards, to wit, at the same term of the court, the said respondent prayed an appeal from the opinion, and decision of the court to the High Court of Errors and Appeals of the state of Mississippi, which appeal was granted upon the respondent entering into bond conditioned as the law directs in the penal sum of two hundred dollars, within thirty days with Thomas Harris security, who is approved of by the court."

In the Rev. Code, p. 30, sect. 12, are the following provisions in relation to appeals from the court of probate:

"Any person who may conceive himself or herself aggrieved by any judgment, decree, decision or order of the court of probate, shall have the liberty of appealing to the High Court of Errors and Appeals, upon the appellant giving bond with good and sufficient security approved of by the said court, and in such sum as they shall direct to the judge thereof."

[Porter, Appellant, *v.* Grisham.]

The question presented is whether this court can take jurisdiction of a cause under an appeal as taken in the present case?

To constitute an appeal, the appellant must give bond with good and ·sufficient surety approved of by the court below. In the present case the court only approved of the surety and authorised the bond to be given any time within thirty days. This we deem insufficient. The bond as well as the surety must be approved by the court; for what advantage would the appellee derive from good surety if the bond were fatally defective?

Causes can be brought into this court by appeal or writ of error; but to give the court jurisdiction, the requisitions of the law, in relation to the obtaining such appeal or writ, must have been strictly complied with.

The law not having been complied with in the present case, the cause must be stricken from the docket.