HARDAWAY & BOYAKIN vs. JAMES BILES, Admr.

The execution of an appeal bond by the appellant is a condition precedent to the jurisdiction of the appellate court.

An appeal bond executed by a third person, is not the bond of the appellant and not sufficient to sustain an appeal.

Sed aliter, with reference to writs of error, there is no condition annexed to their emanation.

Two cases, from the court of probates of Yazoo county, between the same parties, *Hardaway & Boyakin* v. *James Biles*, admr., were brought into this court by appeal.

The appellants executed no appeal bond, but one was filed by a third person, not a party to the record, who styled himself agent for the appellants.

A motion was made to dismiss the cases, for want of a sufficient appeal bond.

*R. S. Holt*, for motion.

These cases come before the court by appeal from the probate court of Yazoo county, and are submitted on motions to dismiss for want of appeal bonds. The appeal bond must be the bond of the appellant. How. & Hutch. 473. 3 How. 75.

The bonds given in these cases are not the bonds of the appellants, but of third persons who are strangers to the suit. *Stone* v. *Wood*, 7 Cow. 453. 4 Mass. R. 595. 5 East. 148. 2 Wheaton's R. 45. 8 Peters, 165. Story on Agency, 137–8. 2 Kent. 63.

In view of these facts and authorities, we think the motions should be sustained.

*Counsel* for appellants showed cause against the motion.
1. The bond is a correct formal bond.
2. The principal has since approved the act of his agent, and

VOL. I. 83

by such approval has made it his own.    Peters' Dig. v. 1 p. 158, 579.  1 Peters' C. C. R.  496 p. 59.

3. The bond is personally obligatory on the agent, and all the purposes which the law could require in the execution of a bond, are answered by this.    13 J. R. 307.    N. Y. D. 84.  3 J. C. 70. Hardin's R.  173–74.

4.  This bond is such as has been approved by the officer required by the act, and on this he is responsible if he has failed to take a correct one, nor does it belong to this court, after the appeal has been granted, to inquire if the court below herein acted correctly.

5. All the purposes of the law have in this case been answered, even if the bond be wholly illegal.    The expenses and costs of the court below, have all been paid, and those of the court above properly secured.

Suppose Hardaway & Boyakin sued on—could they deny the making unless under oath ?   How. & Hutch. 443.

The true spirit of the law, requiring security, is fulfilled by the bond being executed by the security alone.    *Barnett* v. *Warren Circuit Court.*    Hardin's Rep. 173–74.

Mr. Justice CLAYTON delivered the opinion of the court.

There is a motion in these cases to dismiss them from the docket, because the appellants have not given bond with surety in pursuance of the statute.    The bonds which accompany the records are given by third persons, but are not executed by the appellants.    The statute allows an appeal, " upon the appellants giving bond with good and sufficient security," to be approved by the court.

The giving bond with surety has been regarded in the light of a condition precedent, without a compliance with which the appellate court could not take jurisdiction.    In *Porter* v. *Grisham*, 3 How. 76, the court says, " causes can be brought into this court by appeal or writ of error, but to give the court jurisdiction, the requisitions of the law, in relation to obtaining such appeal or writ, must have been strictly complied with."    The

Hardaway & Boyakin *v.* Biles, Admr.

subsequent practice has conformed to the rule here laid down, so far as we have any knowledge of it.

The bond given by a third person is not the bond of the appellants; and for want of a compliance with the statute in this respect the motion will be sustained.

A subsequent statute, How. & Hutch. 540, passed in 1830, has made the writ of error a writ of right, and has annexed no conditions to its emanation. The rule here laid down has, of consequence, no application to cases brought up by writ of error.