# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CP-00920-SCT

*CURTIS CURRY*

*v.*

*LACHELLE CLEMONS, IN HER OFFICIAL CAPACITY AS DIVISION DIRECTOR OF THE VICTIM COMPENSATION DIVISION*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2020 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| TRIAL COURT ATTORNEY: | RAINA ANDERSON LEE |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CURTIS CURRY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BRANDON KYLE MALONE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/25/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.

### RANDOLPH, CHIEF JUSTICE, FOR THE COURT:

¶1.     Curtis Curry appeals an order from the Circuit Court of Coahoma County dismissing his appeal for lack of appellate jurisdiction. Curry argues that the circuit court erred by determining it lacked jurisdiction due to his failure to file a cost bond as required by Mississippi Code Section 99-41-13(a) (Rev. 2020). As "[j]urisdiction is a question of law[,]" we review jurisdictional challenges de novo. *Tyson Breeders, Inc. v. Harrison*, 940 So. 2d 230, 232 (Miss. 2006) (quoting *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948, 950 (Miss. 2000)). In examining the case, we find that the circuit court was correct to hold

that it lacked jurisdiction. Therefore, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On July 19, 2018, Curtis Curry sent an application for compensation to the Victim Compensation Division of the Mississippi Attorney General's Office. Curry's claim arose from an aggravated assault that occurred on December 29, 2016, in Clarksdale, Mississippi. While Curry was in his home, two individuals entered his home, assaulted him at gunpoint, and stole $517. Curry was taken to a hospital via ambulance.

¶3. After reviewing his petition, the Victim Compensation Division denied his claim on the ground that Curry was under the actual or constructive supervision of the Department of Corrections at the time of the assault, contrary to the requirements for compensation under Mississippi Code Section 99-41-17(1)(j) (Rev. 2020). Curry requested a contested hearing to dispute the Victim Compensation Division's decision. At that hearing, Curry admitted he was on probation with the Mississippi Department of Corrections as of December 29, 2016, but assailed the constitutionality of Mississippi Code Section 99-41-17(1)(j) on the grounds that it was ambiguous and offensive to his rights under the Fourteenth Amendment to the United States Constitution.

¶4. On August 22, 2019, the hearing officer of the Victim Compensation Division entered an order again denying Curry's application for compensation. On September 16, 2019, Curry filed an appeal from the hearing officer's decision in the Circuit Court of Coahoma County. On July 27, 2020, the circuit court entered an order finding that "Curry failed to file a bond as required by Miss. Code Ann. §99-41-13(a)." The circuit court held that as a result of

Curry's failure to file a bond, it lacked jurisdiction, so it dismissed Curry's appeal.

**ANALYSIS**

¶5.     Curry initiated proceedings under the Mississippi Crime Victims' Compensation Act. *See* Miss. Code. Ann. §§ 99-41-1 to -31 (Rev. 2020). The Crime Victim's Compensation Act allows victims of crime to file applications for compensation "for economic loss arising from criminally injurious conduct" to the Victim Compensation Division of the Mississippi Attorney General's Office. Miss. Code Ann. §§ 99-41-7, -11(1) (Rev. 2020). If an applicant is dissatisfied with the Division's decision on his claim, he may request a contested hearing. Miss. Code Ann. § 99-41-11(10) (Rev. 2020).

¶6.     Curry requested a hearing after his application was initially rejected, and then, feeling aggrieved by the renewed rejection following the hearing, Curry chose to appeal. Appeals in these matters are governed by Mississippi Code Section 99-41-13. Under this section, applicants may appeal to the circuit court of their resident county or to the Circuit Court of the First Judicial District of Hinds County. Miss. Code Ann. § 99-41-13(a). Subsection (a) of Section 99-41-13 further specifies that an appellant must execute and file a "bond payable to the State of Mississippi" with the circuit clerk and that this bond must be "filed within thirty (30) days of the receipt of the final decision of the Attorney General." Miss. Code Ann. § 99-41-13(a).

¶7.     In Mississippi, "[s]tatutory bond requirements are jurisdictional issues." ***Belmont Holding, LLC v. Davis Monuments, LLC***, 253 So. 3d 323, 329 (Miss. 2018) (internal quotation marks omitted) (quoting ***T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin,***

3

*Sr. & Assocs., PLLC*, 87 So. 3d 444, 451 (Miss. 2012)). From the earliest days of our republic, we have recognized that failing to pay a statutory bond deprives the appellate court of jurisdiction. *Hardaway & Boyakin v. Biles*, 9 Miss. 657, 658 (1844) (quoting *Porter v. Grisham*, 4 Miss. 75, 76 (1838)). This ancient bar falls upon Curry's cause today. Curry's failure to pay the bond as required by statute within the thirty days specified by the statute deprived the Circuit Court of Coahoma County of jurisdiction.

## CONCLUSION

¶8.    Finding the circuit court's judgment correct, we affirm.

¶9.    **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**